In the Matter of the Petition of EUGENE V. DALY, under Section 231-a of the Surrogate's Court Act, for a Decree that the Fair and Reasonable Value of His Services to GEORGE W. DAVISON and Another, Executors and Trustees under the Last Will and Testament of EDWARD ROCHE, Deceased, and ROCHE'S BEACH, INC., Be Ascertained, for a Decree Fixing and Determining the Amount Thereof and Charging the Same against the Estate of EDWARD ROCHE, Deceased, and Said ROCHE'S BEACH, INC., and Directing Said Executors and Trustees and ROCHE'S BEACH, INC., to Pay Said Amount to Petitioner.*

Surrogate's Court, Queens County, July 26, 1935.

*Affd., 246 App. Div. 759; leave to appeal denied by Appellate Division (—— App. Div. ——), and by Court of Appeals (—— N. Y. ——).

*Eugene V. Daly*, in person, and *David M. Wolff* of counsel, for the petitioner.

*Davies, Auerbach & Cornell* [*Sydney G. Soons* and *Orrin G. Judd* of counsel], for George W. Davison and another, executor-trustees.

HETHERINGTON, S. This is an application to fix compensation of an attorney for services rendered to the executor-trustees of the will of the above-named decedent, other than for those rendered in the probate proceeding.

In his lifetime the testator held large real estate interests and conducted an ocean bathing establishment. He organized a corporation to which he turned over all these interests and the business, taking the stock himself.

By his will he created a charitable trust, the corpus of which was the stock of this corporation, thus formed. Condemnation proceedings for acquisition of much of the realty were had by the city of New York, in testator's lifetime, and he was represented therein by counsel other than those concerned in this proceeding.

Many difficult problems presented themselves to the representatives of the estate who, although themselves experienced lawyers, sought advice of petitioner, a lawyer of many years practice, of very high standing and wide experience. Consultations were held in respect of the advisability of seeking judicial construction of the trust provisions of the will. Institution of that proceeding by the estate representatives was decided against; but one such was instituted by a relative, namely, Parry. Petitioner, repeatedly consulted thereon by respondents, made a most searching study of the law applicable thereto; gave to them his reliable written and oral advice in correct interpretation thereof; made on their behalf the necessary court appearances; argued the matter fully and thoroughly before the surrogate and submitted briefs which required much time to prepare; with the result that the will and the trust created thereby were sustained. He also resisted claims which were presented against the estate; aided in transfer tax proceedings and always was available for advice and service on matters concerning proper, circumspect and effective administration of the estate.

Disputing the amount of compensation requested, respondents assert that petitioner's service rendered in the condemnation proceedings should be charged against Roche's Beach, Inc., the corporation to which the award was made; and they ask that claim therefor be considered separate and apart from service to the estate. To this I cannot assent. Roche's Beach, Inc., was in all intents and purposes Edward Roche. Its entire stock he gave to his executors and trustees for the purpose of setting up the trusts

created by his will. The respondents, indeed, were officers of the corporation. The estate was the corporate stock, and the corporate stock was the estate. Respondents constantly consulted petitioner in their representative capacities about matters affecting it; of immediate and ultimate concern to themselves. In this they were prudently cautious as they should have been. They were, as fiduciaries, highly responsible for the welfare of the estate, and chargeable with any loss due to mismanagement or to lack of vision. To separate the corporate stock from the estate would, assuredly, devitalize the estate and leave it much as we should find a human corpus dead, without the content and circulation of blood.

In connection with the condemnation proceedings, petitioner gave timely advice on problems of momentous importance as they frequently arose; particularly with reference to the advisability of appeal from the amount of the award. In this grave and stubbornly contested matter also was acute dispute about the fees of counsel and appraisers, finally adjusted at great saving to the estate, because of petitioner's intelligent and persevering efforts.

Covering a period of three years, petitioner has been almost constantly engaged in the affairs of this estate with consequent loss of opportunity and profit from his lucrative field of general and special practice. To detail his labor in the instant proceeding consumed eighteen court day sessions. The exhibits, letters, memoranda, miscellaneous papers and testimony read and considered by him were so voluminous that to have exploited the entirety of it to this record would almost have caused physical exhaustion.

It is to be regretted that the parties were not able to agree upon reasonable compensation. All are lawyers. One of the trustees is in active practice but it is he who has been the more alert in the administration of the estate. The difficulty which at this time confronts him, I am certain, lies in his lack of appreciation of the great labor his insistent demands entailed on petitioner. He sought his advice, issued orders and availed himself of petitioner's notable achivements without considering all of the burdensome work that was required of him to accomplish them.

In an effort to aid in the determination of just compensation, expert testimony was adduced by both sides. The opinions expressed are far apart. If it be said that petitioner's expert, a lawyer of recognized experience in the handling of estate interests and in the administration thereof, puts value too high, certain it is that the appraisement by the respondents' experts is very, very much too low. I am, however, so thoroughly familiar with the

highly competent work done by petitioner that I have not had one misgiving about it throughout; and so find no difficulty in reaching my conclusion as to its true value. Practically all the litigation and proceedings, save the condemnation matter and of that some part, has been before me. Of course, I was not present at the consultations held; nor did I hear the advice given; but the probate, construction and accounting proceedings were deliberatively passed upon by me and, from the character thereof necessitating the adoption of the scientific methods skillfully applied, I find that petitioner performed his arduous tasks with consummate ability; that his services were singularly laborious and the derivative results conspicuously advantageous to respondents. Lawyer of eminence, because of outstanding professional success, petitioner is also a man of the highest gifts — so truly many-sided that it would be presumptuous in me to attempt to describe him, except under the aspects in which he came before me.

Where there is no standard for the fixation of the value of a lawyer's services the courts have almost invariably borne in mind the governing principles laid down in the leading case of *Randall* v. *Packard* (142 N. Y. 47). On the general proposition of an attorney's fee the following may be cited:

In *Matter of Tillman* (259 N. Y. 133, at p. 136) Judge O'BRIEN, in 1932, citing the above decision and others, writing for the Court of Appeals, said: " In making their agreement, the parties may be deemed to have estimated this lawyer's pecuniary merit according to his own character, temperament, energy, zeal, education, knowledge and experience which are the important factors contributing to his professional status and constituting in large degree, when viewed in relation to the volume of work performed and the result accomplished, a fair standard for gauging the value of services as prudent counsel and skillful advocate. The amount of appellant's lien must, therefore, be fixed not alone upon the basis of a rescinded contingent contract but also upon a foundation built of the volume and quality of the professional services actually and necessarily performed."

The respondents voluntarily retained petitioner as their counsel in this proceeding. In the light of his professional standing and achievements herein I adopt as apposite to him the definition for allowance of a fee expressed in the decisions above referred to. The estate is by no means small; despite the lessened value it may be considered as at least a million dollars. While the question of the compensation paid in the probate matter is not before me, nevertheless it may be considered as another guide in arriving at a value of the compensation to be paid for the services rendered in

the matters which followed. It was $25,000 in the former proceeding and the labors there were not half so extensive or complicated as those required thereafter. Considering all these circumstances, I fix petitioner's compensation at the sum of $47,650, with $195.03 dis`,ursements. Submit decree on notice.