In the Matter of the Petition of EUGENE V. DALY, under Section 231-a, Surrogate's Court Act, for a Decree That the Fair and Reasonable Value of His Services to GEORGE W. DAVISON and ALFRED T. DAVISON, Executors and Trustees under the Last Will and Testament of EDWARD ROCHE, Deceased, and ROCHE'S BEACH, INC., Be Ascertained, for a Decree Fixing and Determining the Amount Thereof and Charging the Same against the Estate of EDWARD ROCHE, Deceased, and Said ROCHE'S BEACH, INC., and Directing Said Executors and Trustees and ROCHE'S BEACH, INC., to Pay Said Amount to Petitioner. GEORGE W. DAVISON and ALFRED T. DAVISON, as Executors of and Trustees under the Will of EDWARD ROCHE, Deceased, Appellants; EUGENE V. DALY, Respondent.— Decree of the Surrogate's Court of Queens county in a proceeding under section 231-a of the Surrogate's Court Act, to fix the reasonable value of the services of petitioner unanimously affirmed, with costs to respondent, payable out of the estate. (1) There was no showing that would have justified the surrogate in disqualifying himself. The contention to the contrary is wholly destitute of basis in fact or law. The record discloses that the surrogate conducted the trial of the issues of fact here involved in an impartial manner, with great patience and skill. (2) The reference to the three-year period of contact with the estate does not exclude the view that the allowance related to the services rendered during the two years and two months from November, 1932, which allowance is amply justified by the

weight of the evidence, as is the finding that except for the original probate proceeding and the so-called projected voluntary construction proceeding, there was no agreement that the petitioner would leave the fixing of his compensation solely to the executors and trustees. (3) The arrangements under which the services were rendered to the executors and trustees; the conduct of the parties; the exclusive ownership by the estate of the corporation involved, in connection with the administration of the estate, amply sustained the surrogate's view that the services were rendered to the appellants as trustees, so far as they incidentally related to affairs of the corporation, wholly owned and operated as an estate instrumentality. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ. [158 Misc. 659.]