■ LAWRENCE HUNNEWELL, Respondent, v. HARRY SANGER et al., Defendants. HERBERT L. LEVY, Appellant. CHEMICAL CORN EXCHANGE BANK, Defendant-Interpleading Plaintiff, v. MARSHALL SANGER et al., Interpleaded Defendants.— On a motion for substitution of attorneys, Special Term, on reargument, fixed the fees of the outgoing attorney, who had been retained on a contingent fee basis, at $50 to be paid before the surrender of papers plus a lien of 12½% of any recovery by compromise or judgment. The outgoing attorney claims that on the termination of his contract of retainer, he was entitled to be paid in *quantum meruit* and was not obligated to accept a lien fixed on a percentage of the recovery. The cases clearly support that position (*Martucci* v. *Brooklyn Children's Aid Soc.*, 284 N. Y. 408; *Matter of Tillman*, 259 N. Y. 133). Special Term, therefore, should have determined the reasonable value of the services rendered. Since the record contains sufficient data for a proper appraisal of the value of those services, there is no necessity for remitting the matter to an official referee. This court finds the value of the services to be $500. Order modified to the extent of fixing the amount of the lien of the outgoing attorney at $500 and, as so modified, affirmed, with costs to the appellant. Settle order. Concur — Botein, P. J., Valente, McNally, Stevens and Bergan, JJ.

■ ERROL FLYNN, Respondent, v. CONFIDENTIAL, INC., Appellant.— Order appealed from is modified to the extent of permitting the defendant to take the testimony of plaintiff by written interrogatories or by oral examination at least 20 days before trial, when plaintiff is in New York, notice of such presence to be given by plaintiff's attorneys to defendant's attorneys, and, as so modified, affirmed, with costs to the appellant. Settle order. Concur — Botein, P. J., Valente, McNally, Stevens and Bergan, JJ.

■ In the Matter of MORRIS RASKIN et al., Appellants, against BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Respondent.— Order unanimously affirmed, without costs. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ KAMAR FUR CORP., Respondent, v. CENTURY INSURANCE COMPANY LIMITED, Defendant-Appellant and Third-Party Plaintiff. "JOHN" BRENNER et al., Doing Business as BRENNER & COHEN, Third-Party Defendants.— Determination affirmed, with costs to the respondent and judgment directed in favor of respondent for $1,175, with interest and costs, in accordance with stipulation for judgment absolute. The insured property which had been stolen, remained in the custody of the sales agent within the scope of the insurance policy, notwithstanding the delivery of the key to the room in which the property was stored to another person for a limited purpose. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY FIELDS, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST PETERSON, Appellant.— Order unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.