In the Matter of Supplementary Proceedings: BERTHA OTTEN, Judgment Creditor, Appellant, v. EMMA C. STROMEYER, Judgment Debtor, Respondent. (Appeal No. 2.) — Order affirmed, without costs. The judgment creditor is accorded the relief to which she is entitled in the decision of the companion appeal (ante, p. 360), decided herewith. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

In the Matter of Supplementary Proceedings: DOROTHY YACHNIN and LOUIS J. Moss, Appellants, v. BEDFORD HOME BUILDERS, INC., Judgment Debtor. NATHAN T. OBERLANDER, Witness, Respondent.— Order sustaining objections of the witness respondent to questions propounded to him reversed upon the law and the facts, with ten dollars costs and disbursements to appellants, and application to compel him to answer granted, with ten dollars costs. Examination to be continued on five days' notice at place and hour stated in subpoena. None of the questions propounded directly concerned Bedford Home Builders, Inc., the judgment debtor, for which the witness was attorney. All of the questions involved matters relating to Granway Estates, Inc., and the record fails to show that the witness was attorney for that company or any of its officers. Furthermore, even if the questions had related to Bedford Home Builders, Inc., they did not call for the disclosure of any communication that had been made in confidence; and the communication not being confidential, the attorney was not privileged from disclosing it. (Baumann v. Steingester, 213 N. Y. 328.) Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

EDWARD J. KEON and MARGARET KEON, Appellants, v. NEW YORK TRAPROCK CORPORATION and CARBONATE OF LIME CORPORATION, Respondents.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent of providing for an examination of the defendants before trial through their officers as to the matters specified in the order to show cause contained in subdivisions (a), (b), (c), (d), (e), (f), (j) and (k) of paragraph I thereof, and in subdivisions (a), (b), (c), (d) and (h) of paragraph II thereof, and also providing for a discovery and inspection of the books and papers specified in paragraph 1 of the order to show cause relating to such discovery and inspection. Examination to proceed on five days' notice. An order for the examination of a party before trial and an order for the discovery and inspection of books and papers may be combined in one order where the party seeking the same proceeds in the first instance by an order for the examination and not by a mere notice. (Fey v. Wisser, 206 App. Div. 520.) The plaintiffs are not entitled to examine the defendants as to their profits, etc., nor to have a discovery and inspection of their books generally. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur. Settle order on notice.