James J. Crisona; J.
Motion by defendant, as limited by her memorandum of law, (1) to dismiss the first cause of action contained in the complaint on the ground that it is barred by the one-year Statute of Limitations (Civ. Prac. Act, § 51, subd. 3) and (2) to dismiss the second cause of action on the ground that it fails to state facts sufficient to constitute a cause of action.
Branch (1) of the motion is granted. It is undisputed that the alleged slander upon which the first cause of action is based was uttered “ on or about September 19, 1959 ” and that action thereon was not commenced within one year, thereafter.
*121 Plaintiff’s attorney, however, in the only affidavit submitted in opposition to the motion, contends that after the accrual of that cause of action defendant absented herself from the State continuously for a period of more than four months, thus tolling the operation of the statute during that period (Civ. Prac. Act, § 19). He states that on July 8, 1960 (approximately 10 months after the cause of action accrued), he forwarded the verified complaint to Fischer’s Service Bureau for service and that the process server made diligent efforts to effectuate service upon the defendant and advised a person, who described himself as defendant’s brother, that he had a summons and complaint to serve upon defendant in connection with the slanderous words spoken by her about the plaintiff. Plaintiff’s attorney then concludes with the statement that 41 Deponent is advised, from investigations made by Baymond E. Morris, that from the time the defendant was advised that the plaintiff intended to bring this action the defendant absented herself from her residence and was out of the state for a period of more than four months.”
Defendant flatly denies that she was out of the State for four months and calls attention to the absence of an affidavit from either Baymond E. Morris, husband of the plaintiff, or the plaintiff herself. In addition, defendant’s attorney has annexed to his affidavit a copy of the order for substituted service dated October, 1960, and the affidavit of the process server, dated October 6, 1960, in which he states, in crucial part, that proper and diligent efforts to serve the summons and verified complaint were made on seven specified dates in 1960, the earliest of which is September 28, a date more than one year after accrual of the first cause of action, and that 44 On October 3rd ” he 44 told the defendant’s brother that he was there to serve a summons personally on the defendant.”
In view of the hearsay and conclusory nature of the affidavit submitted in opposition to the motion to dismiss the first cause of action, the unequivocal reply of the defendant and the affidavit of the process server already adverted to, not even an issue of fact can be said to exist as to whether the first cause of action is barred by the one-year Statute of Limitations.
Branch (2) of the motion, i.e., to dismiss the second cause of action for legal insufficiency, is also granted. Buie 97 of the Buies of Civil Practice provides that 44 In an action of slander brought by a woman for words imputing unchastity to her, it is not necessary to allege or prove special damages ”. Plaintiff alleges that defendant said of her: 4 4 4 Where are all your men that you had in your apartment! ’,41 could tell you a few things that went on in that apartment, with her and her boy friends *122 ‘ That isn’t even your own apartment ’ and 1 you had men or a man paying the rent ’ ’ ’. While plaintiff is a married woman, and has been such since December 31, 1958, it is plain that the words quoted above relate to her conduct when unmarried. No special damage is alleged.
It has been held that the words, “ She (meaning plaintiff) came down here and coaxed my bartender to stay with her all-night ”, did not necessarily impute unchastity (Taylor v. Wallace, 31 Misc. 393); and a like result was reached with respect to the words, “ You’d do anything for five dollars, so 1 am told in the village ” (Bolton v. Strawbridge, 156 N. Y. S. 2d 722). If those statements can be said not to impute unchastity to a woman, a different result can hardly be reached upon the words which form the basis of plaintiff’s second cause of action.
Plaintiff may, if so advised, serve an amended complaint, repleading her second cause of action with an allegation of special damage, within 10 days after service of a copy of the order to be entered hereon, with notice of entry.