Mario Pittoni, J.
In this motion returnable today, October 6, 1961, the defendants’ attorney seeks an order vacating and setting aside a subpcena served upon him and returnable Monday, October 9,1961, in trial part. The subpcena commands the defendants’ attorney to produce in court at the time of trial “your complete file on the matter of Franklyn Hoehn and William Hoehn v. David Pye and Graham Pye including but not limited to written statements (under oath or otherwise) made by Franklyn Hoehn and William Hoehn and testimony of any examinations before trial and any complaints and/or other legal papers executed or verified by Franklyn Hoehn and William Hoehn.” This file pertains to another action in which, however, the parties are the same, but in reverse, and which concerns the same accident. The trials, however, will be held separately.
The contention of defendants’ attorney in the present action is that the file contains matter which is confidential between client and attorney, and that it is privileged, therefore, from production pursuant to subpcena. He .so states even though both attorneys represent both parties in both actions with the same issues.
It is fundamental that the privilege between attorney and client belongs to the client (Richardson, Evidence [8th ed.], *713 § 433), and “ If the client deems it advisable, he may waive the privilege, whereupon the attorney may be compelled to disclose the confidential communication. The waiver, however, must be made ‘ upon the trial of examination ’ or by stipulation of attorneys before trial. Civ. Prac. Act, § 354. When the client himself voluntarily testifies to the communication in question, it is equivalent to an express waiver on his part, in open court, of any privilege accorded by the statute.” (Richardson, Evidence [8th ed.], § 436.)
The motion in this case is premature. The contentions are matters for consideration by the trial court. No one can tell at this time whether any part of the file is privileged until testimony akin to that part has been adduced at the trial, nor when the contents or part of that file will be used or offered. The privilege of communications between attorney and client, pursuant to section 353 of the Civil Practice Act, does not come in to play until the defendants’ attorney is asked to “ disclose ”. It does not apply in this case to the mere bringing of documents to court and having those documents available until such time as their use or disclosure is called for. The motion is, therefore, denied.