In the Matter of the Estate of EDGAR F. LUCKENBACH, Deceased.

Surrogate's Court, Nassau County, May 23, 1962.

*Strasser Spiegelberg Fried & Frank* (*Lawrence Rosenthal* of counsel), for petitioner. *Bentley & Owens* (*Robert W. Owens, Jr.,* of counsel), for Edgar F. Luckenbach, Jr. *Brennan & Korshin* (*Jack Korshin* of counsel), for Andrea F. Luckenbach. *Cullen & Dykman* for Manufacturers Hanover Trust Co. as committee for Susan V. Luckenbach, creditor. *Townley Updike Carter & Ridgers* (*Joel Camche* of counsel), for Elizabeth N. Graham and another. *Cleary Gottlieb & Steen* (*Joseph Chase* of counsel), for George E. Cleary. *Daniel A. Shirk* in person.

JOHN D. BENNETT, S. Motions by order to show cause to vacate a subpœna duces tecum served upon a former attorney for the executor, insofar as it requests the production of " correspondence " under item No. 1 on the ground that such correspondence by the attorney and the executor is privileged under section 353 of the Civil Practice Act.

The privilege of the client against disclosure by his attorney of confidential matters does not extend to everything which comes to the attorney's knowledge while acting as attorney. For instance, statements made in the presence of a third party are not privileged (*Mutual Life Ins. Co. of N. Y.* v. *Tailored Woman,* 194 Misc. 192, mod. on other grounds 275 App. Div. 759).

While neither the client nor the attorney may be compelled to produce a document which is privileged, when the privilege is asserted by the client the burden is on the client to show facts warranting its recognition (*Bloodgood* v. *Lynch,* 293 N. Y. 308).

In *Wolf* v. *Doyle* (10 A D 2d 916) the court permitted an examination of an attorney, stating that: " If any privilege is claimed, it may be asserted on the examination ", citing *Blum Paper Box Co.* v. *Kalner* (277 App. Div. 760).

As was said by the court in *Pye* v. *Hoehn* (31 Misc 2d 712, 713): " The motion in this case is premature. The contentions are matters for consideration by the trial court. No one can tell at this time whether any part of the file is privileged until testimony akin to that part has been adduced at the trial, nor when the contents or part of that file will be used or offered. The privilege of communications between attorney and client, pursuant to section 353 of the Civil Practice Act, does not come into play until the defendants' attorney is asked to ' disclose '. It does not apply in this case to the mere bringing of documents to court and having those documents available until such time as their use or disclosure is called for."

The motion is accordingly denied.