James T. Hallinan, J.
In this special proceeding, petitioners move under CPLR 3124 to compel disclosure.
Heretofore, petitioners served a notice to examine respondent, Commissioner of Hospitals. Respondent moved for a protective order and petitioners cross-moved for said examination. In the supporting affidavit on respondent’s motion, respondent’s counsel stated, inter alia, the following: “ The notice of motion for the examination does not state that in the alternative a person having knowledge of the facts may appear at the time scheduled for the examination. The absence of such a statement is purposeful and is designed solely to establish a basis for the insistence that * * * [the Commissioner] appear personally for the examination and to embarrass, annoy and harass him ”, In his brief he -stated that “ if the Court nevertheless directs that an examination be had * * * we respectfully request that the direction be that the examination of a person familiar with the facts be had.” The court, in its memorandum (Matter of Kew Gardens Sanitarium [Trussell], N. Y. L. J., June 26,1964, p. 15, col. 2) and order of July 8,1964, recognized this request and directed respondent to appear for examination personally or by “ some person having knowledge of the facts ”.
It appears that the person first produced for examination lacked knowledge of the material facts. During the course of *105 her examination respondent’s counsel indicated that the only-person presently in respondent’s employ who possessed the requisite knowledge was an attorney and that objection would be made to his examination on the ground of attorney-client privilege. Said attorney was produced and such objection taken.
In the opinion of the court, respondent’s claim of privilege cannot be sustained. The attorney-client privilege extends only to communications of “ a confidential character” (Doheny v. Lacy, 168 N. Y. 213, 223). The contents of any license issued to petitioners and respondent’s requirements for the issuance of licenses are hardly of such a character. Moreover, respondent does not present a single fact to indicate the manner in which the attorney’s knowledge was acquired. (See Yachnin v. Bedford Home Bldrs., 228 App. Div. 795.)
In any event, respondent must be charged with having had knowledge on his prior motion that said attorney was the only person able to testify on knowledge. Under these circumstances, his request on that motion constituted a waiver of the privilege.
The motion is granted to the extent that respondent shall produce Herbert Lefkowitz for further examination as to respondent’s procedures in the issuance of licenses in 1956 and as to the license, if any, which was issued to petitioners. It is denied as to the person first produced. As aforesaid, said person lacks knowledge of the facts and has already so stated under oath.