Arnold L. Fein, J.
Plaintiff’s motion for summary judgment or for alternative relief is granted to the extent of (1) directing an assessment; (2) dismissing defendant’s counterclaims (described as a first and second cause of action); and (3) striking defendant’s affirmative defense.
Plaintiff, a lawyer, sues his former client to recover the sum of $1,365.24, the alleged agreed price and reasonable value of legal services plus disbursements advanced with respect to an action for personal injuries pending in this court. Defendant’s present attorneys were substituted for plaintiff on defendant’s motion, by an order of this court (Klotz, J.), which provided that the substitution was “ without prejudice to the charging or statutory lien of the former attorney * * * upon the cause of action and the proceeds of any recovery by suit, settlement or otherwise * * *. The reasonable value of the services rendered by former counsel may be determined by means of a plenary suit or possibly an agreement may be reached regarding the matter.”
Plaintiff brings this suit in reliance on that order. The retainer agreement between plaintiff and defendant, in the personal injury action, provided for a contingent fee. It is undisputed that plaintiff obtained an offer of settlement on behalf of defendant, in the personal injury action, in the sum of $3,000, and that his contingent fee was based on the sliding scale in schedule A (Rules of App. Div., First Dept., part 4, rule IV, subd. [5], par. [b]). His present claim is based upon applying the sliding scale fee to the $3,000 offer and adding disbursements of $108.74.
A client is entitled to cancel his attorney’s retainer agreement at any time with or without cause, but this does not deprive the attorney from recovering the reasonable value of his services
*830 rendered to the date of termination. The client having cancelled the contract, its terms no longer establish the standard for the attorney’s compensation. The attorney is no longer limited by the contingent aspect of the fee arrangement. The attorney’s right to compensation cannot be made to depend upon the success or failure of another member of the Bar. He is entitled to have the dollar value of his services fixed and made a lien against the client’s recovery by way of suit, settlement or otherwise. On termination of a contract of retainer a cause of action for the reasonable value of his services immediately accrues to the attorney. (Adams v. Fort Plain Bank, 36 N. Y. 255; Matter of Tillman, 259 N. Y. 133; Matter of Krooks, 257 N. Y. 329.) In most cases the fee is fixed, either in connection with the order granting substitution, if necessary by a reference, or by an application pursuant to section 475 of the Judiciary Law. This does not mean that a plenary action is unauthorized or that it is premature because it is brought before disposition of the tort action. Here a plenary action was authorized by the prior order.
Accordingly, defendant’s affirmative defense, pleading the prior order as res judicata, is without merit.
The affirmative defense is stricken.
Defendant’s counterclaim (first cause of action) founded upon plaintiff’s alleged “libelous statements ” in his affidavit on the motion for substitution is insufficient in law.
The statement was: ‘ ‘ She receives at least $15,000 per annum in gifts from friends (especially men) and relatives, most or all of which she spends on luxuries, such as her expensive apartment, clothes, travel, hotels, restaurants and other tokens of affection. ’ ’
The statement was privileged because, even if defamatory, it was made by an attorney in the course of judicial proceedings in which it was material and pertinent to the issues. The issue on the motion for substitution was the value of plaintiff’s services as an attorney and the basis or means of payment. The client’s ability to pay was a relevant factor. (Martin Foundation v. Phillips-Jones Corp., 204 Mise. 120, mod. on other grounds, 283 App. Div. 729, affd. 306 N. Y. 972; Easton v. Simpson, 182 Misc. 405, affd. 267 App. Div. 1047, app. dsmd. 293 N. Y. 855; see Singer v. Four Corner Serv. Station, 105 N. Y. S. 2d 77; Harris v. Karavas, 86 N. Y. S. 2d 9; Warneck v. Kielly, 68 N. Y. S. 2d 157; Kodenski v. Baruch Oil Corp., 5 Misc 2d 809, 811.) Anything that may possibly be pertinent is privileged. (Feldman v. Bernham, 6 A D 2d 498, affd. 7 NY 2d 772; Andrews v. Gardiner, 224 N. Y. 440; People ex rel. Bensky v. Warden, 258 N. Y. 55.)
*831 Moreover, the counterclaim does not indicate in what respect the quoted statement is defamatory. In a defamation action founded upon language imputing unchastity to a woman it is not necessary to allege or prove special damages. (Civil Rights Law, § 77.) However, the quoted words do not impute unchastity to defendant. It has been held that language bearing much stronger implications of unchastity was not libelous or slanderous per se; for example, “ She came down here and coaxed my bartender to stay with her all night ” (Taylor v. Wallace, 31 Misc. 393); “ You’d do anything for five dollars, so I am told in the village ” (Bolton v. Strawbridge, 156 N. Y. S. 2d 722, 724); “ I could tell you a few things that went on in that apartment, with her and her boyfriends. * * * That isn’t even your own apartment. * * * You had men or a man paying the rent ” (Morris v. Stellakis, 27 Misc 2d 120); a married woman was ‘ ‘ keeping company with and having an affair with a married man ” (Hewitt v. Wasek, 35 Misc 2d 946, 947; see Hemmens v. Nelson, 138 N. Y. 517).
The quoted words are not libelous per se. There is no innuendo pleaded, indicating in what manner they are defamatory. Nor is there, a plea or showing of special damages. (CPLE 3015, subd. [d].) Both are a necessary requisite where the words are not defamatory per se. The bald allegation that this is detrimental to defendant’s lawsuit is inadequate. Only general damages are demanded. The first counterclaim is dismissed.
The second counterclaim (“ second cause of action ”), 1 ‘ breach in attorney-client relationship ’ ’, is likewise insufficient. It is conclusory in form and factually unsupported, both in the pleading and in the opposing affidavit. (Von Ludwig v. Schiano, 23 A D 2d 789.) If what is intended refers to the matters included in the first counterclaim, they are privileged as has been noted, and there was no breach in using the information. The privilege extends only the communications of a confidential nature. (Doheny v. Lacy, 168 N. Y. 213; Matter of Kew Gardens Sanitarium v. Trussell, 45 Misc 2d 104; Matter of Luckenbach, 35 Misc 2d 122.) No fact is alleged to indicate breach of the privilege or the manner in which the attorney’s knowledge was acquired, necessary to show its confidentiality. (Yachnin v. Bedford Home Bldrs., 228 App. Div. 795.) To the extent that information was necessary or used in connection with defendant’s tort lawsuit or the motion for substitution, there is no showing of damage or breach attendant upon its use. It is noted that the bill of particulars in the tort action does not claim a loss of earnings. The second counterclaim is dismissed.
*832 With respect to plaintiff’s motion for summary judgment, there is no issue other than the amount of the fee to which the attorney is entitled. Neither on the application for substitution nor in the papers on this motion has any claim been made or evidence submitted that the attorney’s services were terminated for any fault on his part. The measure of the attorney’s fee is not the retainer measure. It is quantum meruit determinable only on a hearing.
Plaintiff’s motion for summary judgment is granted to the extent of directing an assessment on January 29, 1968. Judgment shall then be entered in favor of plaintiff and against the defendant for the amount found upon the assessment.