Morris Sliekikt, J.
This is a motion brought on by order to show cause by the Legal Aid Society of Westchester County, requesting that they be substituted in the place and stead of the present attorney of record for the petitioner in this matter. They further request that respondent be directed to pay any attorney fees which may be fixed by the court at this time for the present attorney for petitioner.
Petitioner’s present attorney, in his answering affidavit, does not oppose his being replaced in this action by other counsel, but does request that he be compensated on a quantum meruit basis for services rendered on her behalf to date. He further requests that the petitioner and ,the respondent be determined to be jointly and severally liable for the payment of such counsel fees.
The motion for substitution of attorneys is granted. The affidavits in support and opposition to the motions are in conflict as to whether petitioner and her former attorney had entered into a retainer agreement, but such an agreement would no longer control the fees to be awarded to counsel. No dispute exists as to the fact that petitioner’s former attorney has not been compensated. He is entitled to be compensated for the reasonable value of his services rendered to the date of termination of his services. (Zimmerman v. Kallimopoulou, 56 Misc 2d 828; Tillman v. Komar, 259 N. Y. 133.)
Under section 438 of ,the Family Court Act, the court may allow counsel fees at any stage of the proceeding. These *494 fees are payable directly to the attorney '(Matter of Anonymous v. Anonymous, 39 Misc 2d 995), and the fact that the parties are engaged in other litigation does not preclude an award of counsel fees in the instant matter before this court. (Lowe v. Lowe, 279 App. Div. 852.)
Petitioner’s attorney has requested in his affidavit that petitioner and respondent be held jointly and severally liable for counsel fees which may be fixed.by the court. It is no longer necessary for the court to find that the award of counsel fees is “ necessary ” to enable the wife to prosecute her action under former section 1169 of the Civil Practice Act. 'Section 237 of the Domestic Relations Law now provides that the husband is to pay such moneys as are required to enable the wife to carry on the action “as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.”
The wife’s need of the money for counsel fees is no longer a prerequisite to an award of them; her need or lack of funds may affect the court’s exercise of its discretion. (Practice Commentary, Domestic Relations Law, § 237, McKinney’s Cons. Laws of N. Y., Book 14, p. 236; see, also, Walker v. Walker, 18 AD 2d 684.)
In the instant proceeding, petitioner seeks a modification of the order of support for the children of the parties and also a change of custody so that .both children will be awarded to the custody of the petitioner. The court, on the face of the pleadings submitted, cannot find that there is no probability of success.
The rules enunciated above guide the Family Court under section 438 of the Family Court Act in controlling the court’s exercise of discretion. It appears that petitioner is a secretary with a gross income of approximately $5,200' per year for the support of herself. She also receives $25 per week from respondent for the support of the child living with her. The respondent has a gross income of approximately $11,600 per year to maintain himself, the other child of the parties, and to contribute the $25 weekly payment above referred to.
The court has considered the affidavit of services submitted by the attorney for petitioner and the affidavit of proposed substituted counsel in opposition, and fixes the counsel fees to be allowed to said attorney at the amount of $250. After consideration of the circumstances of the case and of the respective parties, the court directs that petitioner herein pay $75 of the fee so fixed and respondent pay $175 of such fee. Petitioner shall pay $25 of such fee within 30 days after service upon *495 her or her attorney of a copy of the order to be entered herein with notice of entry thereof, and $10 per month thereafter until the said part of said fee is fully paid. Respondent shall pay $75 of such fee within 30 days after service upon him or his attorney of a copy of the order to be entered herein with notice of entry thereof, and $20 per month thereafter until the said part of said fee is fully paid.