Morris Slifkin, J.
The above-entitled action for matrimonial relief has resulted in an inquest based upon the withdrawal by *172 the defendant husband of his answer and counterclaim, the amendment by plaintiff of her complaint to seek a decree of divorce rather than a decree of separation as theretofore, and; the entry of a judgment of divorce in favor of the plaintiff and against the defendant.
There were reserved at the time of the inquest certain issues to be resolved and decided by the court. Briefly summarized, they are as follows: (1) A determination on a quantum meruit basis of the value of legal services rendered by the former attorney for the plaintiff, as directed by an order of this court dated February 15, 1972. (2) A determination by the court of certain claims made by the plaintiff against the defendant which seek either a payment by defendant of such claims or a reimbursement to plaintiff of amounts advanced by plaintiff. (3) The determination of counsel fees for the present attorneys for the plaintiff.
With relation to the fees of the former counsel, it is to be noted that the order of referral also directs the hearing court to determine the party or parties responsible for the payment of such fees. It is to be noted both in connection with the application of the former attorney as well as in connection with the application of. the present attorney that this court ip fixing such fees and directing their payment is guided by the provisions of the Domestic Relations Law (§ 237, subd. [a], end of first, sentence) which directs the court to enter an order “ to pay such sum or sums of money to enable the wife to carry on or defend the action or proceeding as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.” (Italics supplied.) In the consideration of the person or persons who shall be required to pay such legal fees, the court is not required to mandate that the full financial burden of such an award be placed solely on the losing party. The court must review the financial circumstances of the respective parties and then fairly allocate the burden of payment of such fees between the parties. (Matter of Zacarolli v. Zacarolli, 57 Misc 2d 493; Lane v. Lane, N. Y. L. J., June 30, 1972, p. 15, col. 7.) As was stated in the case of Philips v. Philips, (1 AD 2d 393, 396, affd. 2 N Y 2d 742). “ There must be a nice but realistic balancing of the wife’s needs and her independent means for meeting them with the husband’s abilities to pay”.
Concededly, the plaintiff is a woman of considerable financial resources. The affidavit of her attorney indicates her ownership of assets totaling at least $80,000. Attached to the affidavit of the former attorney is a photostat of some seven pages of assets owned both by plaintiff and defendant, indicating owner *173 ship by the parties to this litigation of substantial quantities of stock with the significantly greater bulk of the said shares of stock vested in the name of the plaintiff, cash in the amount of almost $11,000, and other miscellaneous assets. In addition, the parties jointly own certain shares of stock which are to be evenly divided between them, as well as the marital home which is to be sold and the net proceeds to be divided equally between the parties.
It is against this financial background of both parties that the court makes the determinations concerning the counsel fees which are submitted to the court.
The affidavit of service of the former attorney discloses that he performed substantially the bulk of all legal services required to the time of trial save for the preparation and service of an amended pleading. The court has considered the stature of said counsel in the community as well as the detail of the services rendered by him both as to their nature and the time required for their performance and on a quantum meruit basis, fixes their value at the sum of $2,000.
The court has considered the affidavit of services of . the present attorney for the plaintiff, bearing in mind the nature of the problems encountered, the services rendered, and the result procured. The court has further considered the time expended and to be expended by said counsel on behalf of the plaintiff. The court after a consideration of the relationship between the detailed services rendered and the litigation in which the services were rendered (see McKenna v. McKenna, 49 Misc 2d 563) determines the value of the services of said attorney to be $3,000.
The court directs that the payment of said fees be allocated between the plaintiff and defendant as follows: plaintiff shall pay to her former attorney the sum of $1,500 and defendant shall pay to said former attorney the sum of $500. Plaintiff shall pay to her present attorney the sum of $2,500, which sum has already been paid to him by virtue of retainer, and defendant shall pay said attorney the sum of $500. The payments directed to be made by plaintiff and by defendant shall be made within 30 days after service upon the attorneys for the plaintiff and/or defendant of a copy of order or judgment to be entered herein, with notice of entry.
With relation to the bills or outstanding claims which plaintiff seeks a direction that defendant pay, the parties have agreed and the court directs that the defendant shall forthwith pay the following bills:
*174 Ferdinand Martignetti, gardener, dated 4/10/72.... $363.48
Dr. M. Dattero, dated 4/8/72 for period 6/21/72 and 8/30/72 ...................................... 20.00
Con Edison bill through 4/30/72 .................. 223.06
New York Telephone through 4/30/72..........— 12.08
New Rochelle Water Co. through 4/30/72.......... 57.96
Mortgage and tax bill through 4/30/72............. 481.00
As to bills incurred prior to the order of temporary alimony dated October 14,1971, the court directs that the defendant shall reimburse the plaintiff for the following items which she has paid:
Con Edison, bills dated 3/12/71 through 6/10/71 paid
6/25/71 ......................................$175.24
Ferdinand Martignetti, paid 6/25/71.............. 200.00
J. C. Hall Heating & Cooling Service, dated 4/23/71
paid 7/6/71................................... 18.54
New Rochelle Water Co. dated 2/10/71-5/10/71, pd.
8/2/71 .......... 6.65.
Charles Dean (Household Floor Waxing) pd. 3/8/71
and 4/6/71 .................:................. 40.0,0
Social Security Tax for household help, paid 4/7/71
and 7/14/71 .;.................... 39.00
Stephen S. G-orden & Co. Inc. (auto insurance) pd.
, 4/5/71 ....................................... 219.00
Dr. M. Dattero, paid 3/25/71...................... 10.00
The court regards that the other items claimed by plaintiff are either not necessaries required to be paid by defendant or that there is no showing of the nature of the item claimed as constituting a necessary.
Plaintiff also seeks payment of items totaling $1,452.92 which were incurred subsequent to the entry of the order of temporary, alimony. The court disallows such claim. These disbursements were incurred in connection with the ownership and operation of the motor vehicle of the plaintiff disclosed in her affidavit filed with the motion papers in which she sought temporary alimony and counsel fees. The wife has been given the exclusive right td hold her own property (Domestic Relations Law, § 50) and it is not the exclusive duty of the husband to pay charges in connection with the maintenance and operation of an automobile owned by the wife as a necessary as that term is used in the law under the circumstances of this ease.
In any event, it is to be rioted that the order of October 14, 1971 did not direct the payment to the plaintiff of a specific sum of money, but did direct that the defendant pay all reason *175 able expenses in connection with the marital residence and itemizing, not limiting, such expenses to mortgage payments, real estate taxes, fire and hazard insurance, fuel, utilities, water, basic monthly telephone charges and ground maintenance. It is conceded that the husband has complied with the terms of that order.
Where a decision has been made and order entered awarding temporary alimony to a plaintiff wife, the defendant husband is no longer liable for or on behalf of the wife except to the extent defined by the terms of the order and subject to his performance of those terms (Turner v. Woolworth, 221 N. Y. 425; Dravecka v. Richard, 267 N. Y. 180). Plaintiff seeks to apply to the instant facts the doctrine of Elder v. Rosenwasser (238 N. Y. 427), arguing that the court order above referred to was in effect a denial of alimony to the plaintiff. This court respectfully disagrees with such interpretation.
Section 236 of the Domestic Relations Law (second sentence), in referring to the terms of an order of support entered pursuant to the provisions of that section, sets forth the following language : ‘ ‘ Such direction may require the payment of a sum or sums of money either directly to the wife or to third persons for real and personal property and services furnished to the wife, or for the rental of or mortagage amoritization or interest payments, insurance, taxes, repairs or other carrying charges on premises occupied by the wife, or for both payments to the wife and to such third persons (Italics supplied.)
The statutory language above set forth directs a conclusion by the court that the order entered in this case constitutes the payment of alimony to the plaintiff. In view of the specific language of the statute, it cannot be effectively argued that the term 11 alimony ’ ’ would be limited to payments of moneys solely to the plaintiff. Further, this position is supported by Taylor v. Commissioner of Internal Revenue, 45 Tax Court of U. S. Reports, 120), which under circumstances closely resembling those in the instant case, held that a portion of the payment made by the defendant husband on the mortgage on jointly owned property, constituted income to the plaintiff wife, certainly to the extent that it increased her equity in the real property and to the extent that it served to discharge the legal obligation of the wife to the mortgage holder.
Under these circumstances, the court holds that the entry of the order of October 14, 1971 bars any determination by the court to require the defendant husband to pay items to the plaintiff wife incurred subsequent to the order.