In the Matter of the Application of JAMES A. TILLMAN, Respondent.

BORRIS M. KOMAR, Appellant.

(Argued March 14, 1932; decided April 26, 1932.)

*Borris M. Komar* for appellant. Respondent by exercising his right of substitution, cancelled the standard of compensation provided by appellant's retainer; thereupon respondent became liable to appellant for services rendered estimated on a *quantum meruit* basis. (*Matter of Krooks,* 257 N. Y. 329; *Matter of City of New York,* 219 N. Y. 192; *Martin v. Camp,* 219 N. Y. 170.) Respondent by exercising his right of substitution, canceled appellant's retainer in its entirety; thereupon, the duty arose on his part to compensate forthwith appellant for services rendered until his substitution. (*Bowman v. Tallman,* 2 Rob. 385; *Matter of Snyder,* 190 N. Y. 66; *Leavitt v. Dodge,* 26 N. Y. Supp. 309; *Western Union Telegraph Co. v. Semmes,* 73 Md. 9; *Yuells v. Hyman,* 84 N. Y. Supp. 460; *Grymes v. Sanders,* 93 U. S. 51; *Hayward v. Wemple,* 152 App. Div. 195; 206 N. Y. 692; *McNaught v. Equitable Life Assur. Soc.,* 136 App. Div. 774; *Nichols v. Scott,* 12 Vt. 47; *Matter of Krooks,* 257 N. Y. 329; *Johnson v. Ravitch,* 113 App. Div. 810; *Adams v. Fort Plain Bank,* 36 N. Y. 255; *New York Phonograph Co. v. Edison Phonograph Co.,* 150 Fed. Rep. 233; *Such v. Bank of State of New York,* 120 Fed. Rep. 202; *Phillips v. Hodgson,* 227 App. Div. 754.)

*J. Sidney Bernstein* for respondent. The rule of *quantum meruit* cannot fairly and reasonably be applied to appellant's compensation as attorney. (*Neu* v. *Brooklyn Heights R. R. Co.*, 113 App. Div. 446; *Martin* v. *Camp*, 219 N. Y. 170; *Andrews* v. *Haas*, 160 App. Div. 421; 214 N. Y. 255; *Matter of Krooks*, 257 N. Y. 329.) Appellant's lien was properly fixed on a basis contingent on recovery. (*Martin* v. *Camp*, 161 App. Div. 610; *Roake* v. *Palmer*, 119 App. Div. 64; *Friedman* v. *Mindlin*, 91 Misc. Rep. 473.)

O'BRIEN, J. By written agreement James A. Tillman retained Borris M. Komar as his attorney to prosecute claims against several foreign insurance corporations. The attorney's compensation was to be three per cent of the proceeds but in the event that the litigation should result in no proceeds, the attorney was to receive nothing. After the client's right to recover had been established and the litigation was terminated except for computation by a referee of the amounts due, serious differences arose between the attorney and the client. On petition by the client, the courts below have ordered a substitution of attorneys on condition that the client file a bond in a specified amount to pay his former attorney three per cent of such recovery as might be had and have fixed the amount of his lien at three per cent of any proceeds.

The client is entitled to cancel his contract of retainer but such an agreement cannot be partially abrogated. Either it wholly stands or totally falls. After cancellation, its terms no longer serve to establish the sole standard for the attorney's compensation. Together with other elements they may, however, be taken into consideration as a guide for ascertaining *quantum meruit.* (*Matter of Krooks*, 257 N. Y. 329.) The value of one attorney's services is not measured by the result attained by another. This one did not contract for his contingent compensation on the hypothesis of success or failure by some other member of the bar. A successor may be able to obtain

far heavier judgments than the efforts of the original attorney could secure, or, on the other hand, inferior equipment of a different lawyer might render futile an attempt to prove damage to the client. In making their agreement, the parties may be deemed to have estimated this lawyer's pecuniary merit according to his own character, temperament, energy, zeal, education, knowledge and experience which are the important factors contributing to his professional status and constituting in a large degree, when viewed in relation to the volume of work performed and the result accomplished, a fair standard for gauging the value of services as prudent counsel and skillful advocate. The amount of appellant's lien must, therefore, be fixed not alone upon the basis of a rescinded contingent contract but also upon a foundation built of the volume and quality of the professional services actually and necessarily performed. (*People ex rel. Johnson* v. *Bd. of Supervisors*, 45 N. Y. 196, 202; *Starin* v. *Mayor*, 106 N. Y. 82; *Randall* v. *Packard*, 142 N. Y. 47.)

On the termination of the contract of retainer a cause of action for the reasonable value of his services immediately accrued to the attorney. (*Adams* v. *Fort Plain Bank*, 36 N. Y. 255, 260.) Since he is entitled at the present time to enforce his claim by action, he need not, in this proceeding to fix the amount of his lien, be compelled to await the outcome of the litigation from which he has been displaced.

The order of the Appellate Division and that of the Special Term should be reversed, with costs in all courts, and the matter remitted to the Special Term with directions to fix appellant's lien on the basis of *quantum meruit*.

POUND, Ch. J., CRANE, LEHMAN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.