In the Matter of the Estate of IRVING ORNSTEIN, Deceased.

Surrogate's Court, New York County, January 26, 1938.

*Buch & Buch*, for heirs at law.

*Charles Weishaupt*, for the respondent attorney.

DELEHANTY, S. The application here made is to fix the permissible fees of respondent attorney and to compel refund of what is asserted to be a large excess received by him. The respondent attorney originally represented all of the persons interested in this estate as distributees. He personally solicited his clients. He procured employment by making representations, without basis in fact, that he was the attorney for deceased, was exclusively familiar with his affairs and would be able if retained to recover for deceased's beneficiaries thousands of dollars as the value of deceased's interest in an alleged copartnership. On the basis of these representations he procured to be signed a retainer giving him fifteen per cent of the estate. He represented at the time of the procurement of this retainer that an allowance of such a percentage was customary and in accordance with the practice of the Surrogate's Court. Respondent asserts the validity of the retainer agreement and interprets it as giving him fifteen per cent of the gross rather than the net estate. He denies that this court has jurisdiction to inquire into the subject-matter. He has been discharged with his work incomplete.

That the court has full jurisdiction admits of no real dispute. Whether this retainer is to be dealt with as a retainer by the administrator or by the administrator plus the beneficiaries the terms of section 231-a of the Surrogate's Court Act fully empower this court to fix and determine the amount properly payable and gives to this court the power to direct a refund of any excess payment.

Since the estate has a value of only $27,000 gross, the amount which respondent could claim on the basis of his interpretation of the retainer would be $4,050. Though his work is incomplete, as

stated, he has already received $5,950. He makes no understandable explanation of the basis on which he received this sum. He was in charge of the check book of the estate and was himself responsible for the drawing of the checks which enabled him to obtain the moneys paid to him. He personally procured the signatures thereto of the administrator. In respect of one item of $500 which is claimed by him as a disbursement made by his check to the order of Rose Dresses, Inc., the version given by respondent cannot be credited. The court holds that his assertion that this sum was paid by him by the consent of the parties in order to procure delivery to the administrator of bank books of deceased is in fact without foundation. Respondent is entitled to no credit for this alleged disbursement.

The retainer on which respondent relies contained an unwritten term entitling the clients to cancel it at will until it had been fully performed. This rule would have been applicable even if the retainer had been procured by respondent under conditions which permitted that it be held valid in the first instance. (*Matter of Tillman*, 259 N. Y. 133; *Matter of Montgomery*, 272 id. 323.) All that respondent is entitled to have is fair and reasonable compensation for the work which he actually had performed when his retainer terminated.

It was established by the proof that the representations made by respondent in the procurement of the retainer which were to the effect that he could obtain recovery in thousands of dollars from the so-called partners of deceased had no real basis in fact. Respondent instituted legal proceedings on this claim and apparently reached the point where he had a genuine opportunity to find out whether in the books of defendants in that action there was any support for plaintiff-administrator's claim of partnership. Though he had finally enforced this right of examination after substantial contest, respondent appears to have done nothing with the weapon thus put in his hands and to have entered into negotiations for settlement of the claim on a nuisance basis. The thousands of dollars promised to the petitioners eventuated in a settlement of $2,000.

Aside from this controversy over the alleged partnership interest, the estate administration was of the simplest sort possible. Giving to respondent the benefit of all that can reasonably be credited to him, even assuming his good faith in asserting the claim in the partnership action, the maximum permissible allowance, including disbursements, is the sum of $1,750. The excess must be refunded.

Submit, on notice, decree accordingly.