In the Matter of the Estate of EARL R. McINNIS, Deceased.

Surrogate's Court, Broome County, September 20, 1949.

*Arthur T. Pammenter* and *Harold J. Blowers,* as temporary administrators and executors of Earl R. McInnis, deceased, respondents in person.

*Arthur T. Pammenter, George L. Hinman* and *Clayton M. Axtell, Jr.,* for Arthur T. Pammenter and another, as executors of Earl R. McInnis, deceased, respondents.

*George L. Hinman* and *Clayton M. Axtell, Jr.,* for Barbara Rose, respondent.

*William C. Martin* and *George A. Langan* for Alice P. McInnis, respondent.

*Hugh J. Heffern,* petitioner in person.

PAGE, S. This application is for an award of $1,250 for legal services plus the reimbursement of $277.02 disbursements, a

total of $1,527.02, and is an offshoot of the proceeding for the probate of the last will and testament of the decedent above named and other proceedings in connection with his estate.

The respondent, Alice Potter McInnis, is the widow of the testator above named. He died April 15, 1946. On or about the 31st day of May, 1946, a proceeding was initiated for the probate of the deceased's will upon the petition of the executors nominated therein. Citation thereupon was duly served upon the respondent, Alice Potter McInnis. She and a brother of deceased, named Freeman O. McInnis, comprising all of his distributees, appeared and filed objections to said probate proceeding.

Except for a trust provided for the widow-respondent herein, the will gave all the net estate to a woman named Barbara Rose, with whom the deceased had been closely associated in business and otherwise during the last twenty or more years of his life. Apparently because of the provisions of section 18 of the Decedent Estate Law, the testator provided a trust for life for his spouse in one half his net estate, but failed to bequeath her an outright $2,500, as required by this section.

The petitioner herein, an attorney at law, of Binghamton, New York, was retained by said Alice Potter McInnis to represent her in the then impending probate proceeding. He later filed a set of objections on her behalf. Similar objections were also filed by deceased's said brother, who appeared in the proceeding by his attorneys, Levi and Samuel Ginsberg, of Elmira, N. Y.

A decision determining allowances to attorneys representing the proponents in the probate proceeding above mentioned is being rendered simultaneously herewith. Reference is made to this decision for the purpose of indicating the extremely unusual and complicated course of litigation which transpired as the result of the institution of this probate proceeding. Throughout the various motions and countermotions in connection therewith, Mr. Heffern represented the respondent for a period of over two years until on or about January 10, 1949. At about this time, an offer of settlement was made to the respondent, Alice Potter McInnis, which she rejected and shortly thereafter discharged Mr. Heffern as her attorney. She thereafter retained the firm of Martin, Langan & Dorsey, of Syracuse, N. Y., who represent her in this matter and all other remaining undetermined proceedings in relation to the estate of said deceased.

It appears to be undisputed that the respondent was well and ably represented by Mr. Heffern. Despite this she saw fit to discharge him. She had an absolute right in her discretion, even

though capricious, to do so. (*Matter of Tillman,* 259 N. Y. 133, 135; *Matter of Lydig,* 262 N. Y. 408, 409.)

However, this right on a client's part does not extend to making his own private determination that he will make no compensation for services to the attorney who has been engaged in representing him in an action or a special proceeding. Because of the fairly common proneness of clients to repudiate their attorneys as to payment for their services and otherwise, especially when litigations are not going entirely to their satisfaction, remedial measures applicable to such cases have been enacted for many years. These statutory provisions are now primarily represented by sections 474 and 475 of the Judiciary Law. By virtue of the latter section, Mr. Heffern has a '' lien upon his client's cause of action, claim or counterclaim '', which is attached to whatever money or other property may pass to her under whatever final determination may eventuate in any of the proceedings in which the professional services in question have been rendered. Formerly a lien of this type was enforcible only in a court of general jurisdiction. This has now been changed, in relation to proceedings in any stage in Surrogates' Courts, by section 231-a of the Surrogate's Court Act.

The applicable provisions of the last above-mentioned statute and under which the present proceeding is brought are:

'' § 231-a. *Compensation of attorneys.* At any time during the administration of an estate, and irrespective of the pendency of a particular proceeding, the surrogate shall have power to hear an application for and to fix and determine the compensation of an attorney for services rendered to an estate or to its representative or to devisee, legatee, distributee or any person interested therein; or in proceedings to compel the delivery of papers or funds in the hands of such attorney.

'' Such proceeding shall be instituted by petition of a representative of the estate, or a person interested, or an attorney who has rendered services. Notice of the application shall be given in such manner as the surrogate may direct. The surrogate may direct payment therefor from the estate generally or from the funds in the hands of the representative belonging to any legatee, devisee, distributee or person interested therein.''

The proponents and the other persons in interest have appeared herein for the sole purpose of endeavoring to assure themselves against any possibility that the estate might be charged any part of whatever allowance may be awarded to the petitioner. The professional services here in question were, of course, rendered solely to a person interested in the estate in her

individual capacity; not to a legal representative or to the estate in any sense. The nature of the services are such that there is no one, aside from the respondent-distributee, to whom and on whose behalf they were rendered, who could possibly be liable under the provisions of section 231-a of the Surrogate's Court Act, or otherwise.

In a proceeding pursuant to this section, there is, of course, presented the issue as to the reasonable value of the services in question. I do not understand it to be seriously contended by present counsel for the respondent, Alice Potter McInnis, that the volume of time and attention expended in representing her does not fully warrant the amount claimed as reasonable and fair compensation.

It is conceded that there never was any express agreement as to the attorney's compensation on any basis, contingent or otherwise. The theory of petitioner is an implied contract.

Because of the failure of the respondent to attain any degree of success as to any part of her objective, she having been in no way benefited, but, quite the contrary, impoverished, she now contends, in effect, that there certainly was no enrichment of herself, just or unjust, and that, on this basis, no *quantum meruit* is due to the petitioner. But the answer to this is that extensive and able services were rendered to her under conditions which in no respect justified any reasonable expectation on her part that they would be gratis unless there might result some spoils of war which she might share with her attorney after such eventuation had been wrought by him.

The circumstances of the situation were such that undue influence could be reasonably suspected at first, and every effort that could be reasonably expected was made to discover evidence in support of the objection on this basis and thereby evolve its substantiation. If an unsuccessful objective of respondent in filing objections to probate, in view of the relationship that had existed for many years between her husband and the chief beneficiary of his will, was that her pursuing such a course might cause such embarrassment to the other side as to accomplish a settlement whereby she would come into a much larger portion of the estate than the will provided for her and she was disappointed in that respect, this is not a fault of her attorney for which he may be held to have forfeited his claim for compensation in line with the legal services rendered.

As far as he is concerned, she received all that she had bargained for from him. The gamble was hers, not her attorney's, no more so than in the case of a doctor treating a patient, but

not on a contingent basis. She had a right to spend her money on this gamble, but no right to refuse to pay for having it made on her behalf in the manner she desired at a time when the result was unforeseen and unforeseeable.

Moreover, in my view, the amount of surcharge for which the application is made amply takes into account all the points in derogation which have been urged on behalf of respondent. If the result had been an invalidation of the will and if there had been no other objectant with an attorney with whom the applicant here had the benefit of collaborating, the situation would have well warranted an application for several times the amount for which application herein has been made.

*Matter of Abruzzo* (139 Misc. 559) is a case wherein an application of this kind was before the Surrogate of Kings County in 1931. In this case there is to be found an exceedingly able dissertation in relation to the application of section 475 of the Judiciary Law as it has been construed. The authority and reasoning contained in the decision of this case by Surrogate WINGATE is largely applicable to the present question presented. A perusal of this case is recommended as a very helpful starting point to anyone concerned with a question similar to that involved in applications of this character.

Settle and enter order providing for the allowance of the application in full from present estate assets or income thereof which would otherwise be payable or advanceable to respondent, Alice Potter McInnis.