■ JERI TURNER et al., Appellants, v. STEVE BRODY, INC., et al., Defendants, and ROSENTHAL & CURRY, Respondents.— In a proceeding for substitution of attorneys and the fixation of attorneys' liens, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County, entered April 7, 1965 as: (1) fixed the lien of the outgoing attorneys at 10% of the recovery plus any out-of-pocket disbursements; and (2) provided that said disbursements shall be itemized by said attorneys and were to be paid before any papers in their possession were turned over to the substituted attorneys. Order modified on the law and the facts by striking out so much thereof as fixed the lien at 10% of the recovery plus any out-of-pocket disbursements and by substituting therefor provisions: (1) fixing a retaining lien in the sum of $500 on a *quantum meruit* basis, plus any out-of-pocket disbursements; (2) directing that the outgoing attorneys shall itemize said disbursements; and (3) directing that upon payment of said $500 and said disbursements to the outgoing attorneys, they shall turn over to the incoming attorneys all papers and documents in their possession relating to this case. As so modified, the order, insofar as appealed from, is affirmed, without costs. Although the outgoing attorneys were notified that they were discharged before they instituted any legal action, they had a retaining lien, as security for their fee, on papers and documents in their possession and, immediately upon their discharge, they were entitled to compensation on a *quantum meruit* basis plus reimbursement for their disbursements before they released this security (*Lebovic* v. *Ballantine & Sons,* 12 A D 2d 494; *Matter of Lerner* v. *Seigel,* 22 A D 2d 816). In our opinion, the sum of $500 is fair and reasonable compensation on a *quantum meruit* basis. On this record, we see no need for a plenary hearing. Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ DAVIDLEE VON LUDWIG, Respondent, v. VINCENT A. SCHIANO, Appellant.— In an action to recover damages for breach of contract, and for other relief, defendant appeals from an order of the Supreme Court, Kings County, entered January 5, 1965, which denied his motion to dismiss the sixth, seventh and eighth causes of action of the amended complaint for a claimed failure to itemize special damages (CPLR 3015, subd. [d]). Order affirmed, with $10 costs and disbursements (*Von Ludwig* v. *Schiano,* 23 A D 2d 789). Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.