■ NICOLA TARABORRELLI, Respondent, v. AMELIO VINCIGUERRA, Defendant, and SIGMUND KATZ, Appellant.— In an action to recover damages for breach of contract, in which plaintiff moved to substitute attorneys and to fix the outgoing attorney's fee, the latter appeals from so much of an order of the Supreme Court, Kings County, entered November 15, 1965, as limits his liens to the lien on the proceeds which plaintiff may receive by recovery or settlement. Order modified as follows: (1) by adding to the first ordering paragraph a provision that the motion is granted to the extent set forth in the succeeding paragraphs of the order; (2) by adding to the third ordering

paragraph a provision that appellant also has a retaining lien on the papers in his possession (in addition to a lien on the proceeds which plaintiff may receive by recovery or settlement) and that the liens be for the amount due to appellant as determined in the proceedings otherwise provided for in the third ordering paragraph, with due allowance for the unexpended portion, if any, of the $200 which plaintiff advanced for disbursements; (3) by striking out so much of the provisions of the fourth ordering paragraph as direct appellant forthwith to turn over the papers (upon service of the order, etc.); and (4) by providing in lieu thereof that the papers shall be turned over to plaintiff or to the incoming attorney upon the payment to appellant of the determined amount of the liens. As so modified, order affirmed, without costs. In our opinion, the facts disclosed by the record do not show that there was just cause for the discharge of appellant, who instituted the action in plaintiff's behalf. In the circumstances, in addition to the charging lien under the statute (Judiciary Law, § 475), appellant has a common-law retaining lien on the papers in his possession and is entitled to be paid his fee on a *quantum meruit* basis prior to turning them over to his successor (*Turner* v. *Steve Brody, Inc.,* 24 A D 2d 904; *Matter of Lerner* v. *Seigel,* 22 A D 2d 816; *Ader* v. *Purcell,* 194 Misc. 540; see, also, *Matter of Tillman,* 259 N. Y. 133). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.