■ Minerva Smith, Appellant, v Boscov's Department Store, Respondent. [596 NYS2d 575] —Harvey, J. Appeal from an order of the Supreme Court (Smyk, J.), entered April 6, 1992 in Broome County, which, *inter alia,* determined the amount of counsel fees owed by plaintiff to defendant.

Plaintiff sustained injuries when she slipped and fell at defendant's department store in Broome County. On November 14, 1990, plaintiff retained attorney Scott Gottlieb to represent her in connection with this case. At the time plaintiff contacted Gottlieb, she had already received an offer to settle from defendant's insurance carrier for approximately $29,000. Plaintiff entered into a retainer agreement with Gottlieb that provided, *inter alia,* that if the ultimate net recovery of the claim exceeded $31,644.09, then Gottlieb would be entitled to one third of the net recovery. Thereafter, Gottlieb began negotiations with defendant's insurance carrier that resulted in an offer of $45,000 to settle the claim. Gottlieb informed claimant of the offer but she apparently never got back to him about it. Instead, she discharged Gottlieb and retained the services of attorney William Palella.

Gottlieb ultimately forwarded plaintiff's file to Palella but

he also informed Palella, by certified mail, that he was claiming one third of the rejected settlement offer of $45,000 as his attorney's lien with adjustments for disbursements. This amounted to $15,046.09. In October 1991, Palella informed Gottlieb that plaintiff's case had been settled for $90,000 and that a check from the insurance carrier in the full amount of Gottlieb's claimed lien was made out to both plaintiff and Gottlieb as payees. Plaintiff, however, refused to endorse the check. Plaintiff then brought this motion requesting a hearing to fix the amount of counsel fees due Gottlieb. After oral argument, Supreme Court determined that Gottlieb was entitled to the $15,040.09 and this appeal by plaintiff followed.

Plaintiff principally argues that Supreme Court erred in summarily fixing Gottlieb's fee without a hearing as to the reasonable value of the services he performed for her. We must agree with this contention. In New York, "[w]hen a client discharges an attorney without cause, the attorney is entitled to recover compensation from the client measured by the fair and reasonable value of the services rendered whether that be more or less than the amount provided in the contract or retainer agreement" (Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 457-458; see, Matter of Montgomery, 272 NY 323, 326-327). Recovery on a quantum meruit basis is called for even where the attorney discharged without fault was employed under a contingent fee contract (see, 7 NY Jur 2d, Attorneys at Law, § 150, at 52).* Simply awarding one third of a rejected settlement offer is not permissible (see, DeSalvatore v Lavigne, 143 AD2d 513, 514). The lien must still be determined on a quantum meruit basis (see, Matter of Shaad, 59 AD2d 1061). Therefore, while the terms of the percentage agreement is one factor that may be taken into account in determining the value of the services rendered, it is not to be

* We must note that, on the subject of discharge for cause, plaintiff made a half-hearted attempt in her reply affidavit to allege that Gottlieb was discharged for cause. She makes the same claim almost as an afterthought in her final sentence of her brief on appeal. We cannot recognize that a legitimate issue on this point was raised, however, because the subject is never raised in her main affidavit supporting her motion for a determination of Gottlieb's fee. In fact, the issue of discharge for cause was never mentioned in any of the correspondence between Gottlieb and Palella discussing the fee in the record. Instead, the thrust of her motion papers and brief before this Court is a recognition that Gottlieb is owed something, even though the actual amount is disputed. In any event, the basis for plaintiff's claim that she fired Gottlieb for cause is unrelated to his prosecution of this lawsuit and, at best, appears to solely involve a misunderstanding in communication.

considered the dispositive factor *(see,* 7 NY Jur 2d, Attorneys at Law, § 150, at 54; *see also,* Annotation, 92 ALR3d 690, § 3). Other factors, such as the nature of the litigation, the difficulty of the case, the time spent, the amount of money involved, the results achieved and amounts customarily charged for similar services in the same locality, for example, should also be considered *(see generally,* 7 NY Jur 2d, Attorneys at Law, § 160, at 68-73).

In the case at bar, there was no evidence presented pertaining to any of the various factors generally considered when determining a quantum meruit recovery. This was not a situation involving a dispute between the incoming and outgoing attorneys and a contingent fee could legitimately be elected *(see, Lai Ling Cheng v Modansky Leasing Co., supra).* In addition, no written decision from Supreme Court appears on the record giving an explanation as to why the court simply awarded Gottlieb the amount he requested. Given the sparsity of information in the record concerning Gottlieb's prosecution of plaintiff's lawsuit, we take no position at this time as to what appropriate compensation should be.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.