■ **BUTLER, FITZGERALD & POTTER, a Professional Corporation, Appellant, v JEFFREY J. GELMIN et al., Respondents.** [651 NYS2d 525] —Order of the Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered March 19, 1996, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (4) and (7), is unanimously reversed, on the law, without costs or disbursements, the motion denied and the complaint reinstated.

Defendants retained plaintiff law firm to represent them in a commercial dispute involving defendants' interest in the residual value of certain equipment owned by Sequa Capital Corporation and leased to third parties. Plaintiff commenced a Federal action on behalf of defendants in December 1991. Plaintiff performed legal services and incurred expenses in the Federal action on behalf of and at the request of defendants until April 17, 1995, when defendants substituted new counsel. After being discharged, plaintiff commenced a special proceeding in the Federal action, pursuant to Judiciary Law § 475, to fix and determine the amount of its charging and retaining liens. On June 9, 1995, the United States District Court for the Southern District of New York issued an order, amended June 21, 1995, which declared, *inter alia,* that the balance due toward the fair and reasonable value of plaintiff's services and the amount of expenses is $2,934,695.33; that defendants are jointly and severally liable for that amount; that plaintiff may assert a charging lien of $2,934,695.33 upon each cause of action, claim or counterclaim of each defendant in the Federal action; and that plaintiff may assert a retaining lien in the same amount upon defendants' files in its possession.

Thereafter, plaintiff commenced the instant action seeking to recover a judgment against defendants in quantum meruit for the fair and reasonable value of its services. The Supreme Court granted the defendants' motion to dismiss the complaint, reasoning that "plaintiff seeks the same relief in this motion that it has already received in the federal court".

There are three separate and distinct remedies which are available to a discharged attorney to recover the value of his legal services. The first remedy available to an attorney discharged without cause is that sought by the plaintiff in this case, i.e., a plenary action in quantum meruit seeking a judg-

ment for the reasonable value of the services, which would be enforceable against all of the client's assets. Such a cause of action accrues immediately upon the attorney's discharge (*Matter of Tillman*, 259 NY 133, 136). The second remedy available is a charging lien against any judgment or settlement in favor of the client in an action in which the discharged attorney formerly was the attorney of record for the client. Unlike the first remedy, the charging lien does not provide for an immediately enforceable judgment against all assets of the former client. All it provides to the discharged attorney is security against a *single* asset of the client, i.e., any judgment or settlement reached in favor of the former client in the action in which the discharged attorney was formerly attorney of record. The charging lien is a statutory remedy codified in Judiciary Law § 475. The amount of the charging lien may be determined and fixed prior to the outcome of the underlying suit. While the eventual payment of the lien is contingent upon a favorable outcome for the client in the litigation, the amount of the lien is not dependent upon the result reached in the underlying suit. The third remedy is the retaining lien, which permits the attorney to retain all of the client's papers and files until all fees are paid.

After plaintiff was discharged in the Federal action, it obtained two of the three remedies available to it by petitioning the court to set and determine the amount of its charging and retaining liens. However, by doing so, it was not precluded from obtaining the third remedy of a plenary action for the fair and reasonable amount of monies due to it for its services. The remedies are not exclusive but cumulative (*Citizens Bank v Oglesby*, 270 App Div 136, 140). An attorney need not elect one remedy to the exclusion of the others and does not waive her right to commence an immediate plenary action for a judgment against her client by commencing a proceeding to fix the amount of her charging lien (*Botein, Hays, Sklar & Herzberg v Polymetrics Intl.*, 81 Misc 2d 398; *Zimmerman v Kallimopoulou*, 56 Misc 2d 828).

The relief plaintiff seeks in this action, therefore, is not the same obtained in the lien proceedings in the Federal court. A judgment obtained by plaintiff in this action would be enforceable against all assets of defendants immediately, regardless of the outcome of the Federal action, while the liens obtained in the Federal proceeding will be effective only when and if a fund is created by defendants obtaining a judgment or settlement. Therefore, although the value of the services has already been fixed in the Federal action, the IAS Court errone-

ously found that plaintiff sought the same relief herein that it had already obtained in the Federal action. Concur—Wallach, J. P., Nardelli, Rubin, Williams and Andrias, JJ.