370 F.3d 259
 UNIVERSAL ACUPUNCTURE PAIN SERVICES, P.C., Plaintiff-Counter-Defendant-Appellee,
Dipak Nandi, M.D., Plaintiff-Appellee,
v.
QUADRINO & SCHWARTZ, P.C., Appellant,
State Farm Mutual Automobile Insurance Co., Defendant-Counter-Claimant.
 No. 02-9469.
 United States Court of Appeals, Second Circuit.
 Argued: December 2, 2003.
 Decided: June 2, 2004.
 
 COPYRIGHT MATERIAL OMITTED Evan S. Schwartz, Quadrino & Schwartz, P.C. (Richard J. Quadrino, Jason A. Newfield, of counsel), Garden City, NY, for Appellant.
 Anthony J. Mamo, Jr., Medina & Mamo, Sleepy Hollow, NY, for Appellees.
 Before: VAN GRAAFEILAND, SACK, and GIBSON,* Circuit Judges.
 SACK, Circuit Judge.
 
 
 1
 The appellant, Quadrino & Schwartz, P.C. ("Q & S"), appeals from an order of the United States District Court for the Southern District of New York (Shira A. Scheindlin, Judge) denying Q & S's request for attorney's fees in quantum meruit to be paid by its former clients, plaintiff-counter-defendant-appellee Universal Acupuncture Pain Services, P.C. ("Universal"), and plaintiff-appellee Dipak Nandi, M.D. (collectively, the "clients"). The clients had retained Q & S under a contingent-fee agreement to represent them in a lawsuit against an insurance company in which the clients sought reimbursement of charges for medical and acupuncture services. But the clients had discharged Q & S before the completion of the suit. Q & S requested that the district court order the clients to pay Q & S fees in quantum meruit for the services it had rendered prior to its discharge. The court held that Q & S was not entitled to such fees because the clients ultimately did not recover money in the suit for which they had retained Q & S.
 
 
 2
 We reverse the order of the district court and remand the case to the court for its determination of whether Q & S was discharged for cause and, if not, for a determination and award of a fee in quantum meruit.
 
 BACKGROUND
 
 3
 The principal facts underlying this appeal are set forth in a thorough opinion by the district court. Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co., 232 F.Supp.2d 127 (S.D.N.Y.2002). We repeat them here only to the extent we think necessary to explain our resolution of this appeal.
 
 
 4
 In May 2001, Universal retained Q & S to represent it in an action to be brought in the United States District Court for the Southern District of New York against defendant-counter-claimant State Farm Mutual Automobile Insurance Company ("State Farm"). Id. at 129. Universal and Q & S executed a retainer agreement that provided that Q & S would be compensated by a legal fee of twenty percent of the sum recovered through judgment or settlement, if any.[1] Id. at 129 n. 2. State Farm brought a counterclaim against Universal and claims against Universal's founder, third-party-defendant Dr. Dipak Nandi, and third-party-defendant Dongxing Sun, a licensed acupuncturist.[2] Id. at 129.
 
 
 5
 On August 19, 2002, the clients discharged Q & S as counsel and ordered that Q & S cease working on the litigation with State Farm. Id. In response, Q & S demanded that the clients compensate the firm in quantum meruit for the reasonable value of the legal services it had provided up to that time. It notified the clients that it would maintain a retaining lien[3] on the clients' files until all outstanding fees and disbursements were paid.
 
 
 6
 On September 18, 2002, Q & S requested that the district court determine and award attorney's fees in quantum meruit. On November 12, 2002, the court (Shira A. Scheindlin, Judge) postponed that determination pending the resolution of the litigation between the clients and State Farm. Id. at 134. According to the district court, under New York law,
 
 
 7
 [t]he mere fact that the attorney has elected to recover under quantum meruit does not change the fact that she originally took the case on a contingency. Her election of quantum meruit means only that she can recover a fixed amount from her former client's ultimate recovery, if any.
 
 
 8
 Id. Because Q & S's attorney's fees depended upon the clients' ultimate recovery in the litigation, the district court decided, the amount of the fees could not be determined until the litigation ended.
 
 
 9
 Thereafter, the clients and State Farm settled the underlying litigation, with no provision for a monetary award to the clients. The district court then referred the determination of Q & S's quantum meruit fee to Magistrate Judge Henry Pitman. After confirming that the clients had not received any monetary recovery, the magistrate judge, relying on the district court's November 12, 2002, decision, recommended that Q & S be denied legal fees, without determining whether Q & S had been discharged as counsel for cause. Q & S filed timely objections to the magistrate judge's report, but, on June 9, 2003, the district court adopted the report in full and ordered that the claim for legal fees be denied.
 
 
 10
 Q & S appeals.
 
 DISCUSSION
 I. Appealability and Standard of Review
 
 11
 The litigation having been concluded and the order denying legal fees being final, we have jurisdiction over the appeal of that order. See 28 U.S.C. § 1291; Leibovitz v. New York City Transit Auth., 252 F.3d 179, 184 (2d Cir.2001); see also In re Austrian & German Bank Holocaust Litig., 317 F.3d 91, 98 (2d Cir.2003) ("Whenever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees."). We review the district court's denial of attorney's fees for abuse of discretion. Herman v. Davis Acoustical Corp., 196 F.3d 354, 356 (2d Cir.1999). A district court abuses its discretion by relying on an erroneous interpretation of law. Id. II. Q & S's Right to Fees in Quantum Meruit
 
 
 12
 Under New York law,[4] a client may discharge his or her lawyer at any time, with or without cause. See Cohen v. Grainger, Tesoriero & Bell, 81 N.Y.2d 655, 658, 602 N.Y.S.2d 788, 789, 622 N.E.2d 288, 289 (1993). If a lawyer is discharged for cause, he or she is not entitled to legal fees. Teichner by Teichner v. W & J Holsteins, Inc., 64 N.Y.2d 977, 979, 489 N.Y.S.2d 36, 37, 478 N.E.2d 177, 178 (1985). If the lawyer is discharged without cause and prior to the conclusion of the case, however, he or she may recover either (1) in quantum meruit, the fair and reasonable value of the services rendered, or (2) a contingent portion of the former client's ultimate recovery, but only if both of the parties have so agreed. See Lai Ling Cheng v. Modansky Leasing Co., 73 N.Y.2d 454, 458, 541 N.Y.S.2d 742, 744, 539 N.E.2d 570, 572 (1989); see also Cohen, 81 N.Y.2d at 658, 602 N.Y.S.2d at 790, 622 N.E.2d at 290 ("Only if the client and attorney agree may the attorney receive a fee based on a percentage of the recovery."). "Recovery on a quantum meruit basis is called for even where the attorney discharged without fault was employed under a contingent fee contract." Smith v. Boscov's Dep't Store, 192 A.D.2d 949, 950, 596 N.Y.S.2d 575, 576 (3d Dep't 1993);[5] see also Cohen, 81 N.Y.2d at 658, 602 N.Y.S.2d at 790, 622 N.E.2d at 290 (discussing a discharged attorney's options for recovery in a case involving a contingency-fee agreement). In this case, immediately after the clients discharged Q & S and before the litigation was resolved, Q & S requested compensation in quantum meruit. Therefore, unless the clients discharged Q & S for cause, it was entitled to receive such compensation.
 
 
 A. When Quantum Meruit Fees Are Determined
 
 
 13
 Q & S argues that the district court should not have awaited the completion of the underlying litigation to determine whether Q & S was discharged for cause and, if not, the amount of fees in quantum meruit. While we agree that a district court typically should determine quantum meruit fees upon request by the discharged attorney, we cannot conclude that the district court, in this case, abused its discretion by waiting until the conclusion of the underlying litigation.
 
 
 14
 Under New York law, a lawyer's right to recover in quantum meruit accrues immediately upon discharge. See Cohen, 81 N.Y.2d at 658, 602 N.Y.S.2d at 789, 622 N.E.2d at 289; Lai Ling Cheng, 73 N.Y.2d at 459, 541 N.Y.S.2d at 745, 539 N.E.2d at 573; Schneider, Kleinick, Weitz, Damashek & Shoot v. New York, 302 A.D.2d 183, 188, 754 N.Y.S.2d 220, 224 (1st Dep't 2002); Butler, Fitzgerald & Potter v. Gelmin, 235 A.D.2d 218, 219, 651 N.Y.S.2d 525, 527 (1st Dep't 1997); Turner v. Steve Brody, Inc., 24 A.D.2d 904, 904, 264 N.Y.S.2d 867, 867-68 (2d Dep't 1965) (mem.). As a result, New York courts ordinarily calculate quantum meruit compensation at that time. See Cohen, 81 N.Y.2d at 659, 602 N.Y.S.2d at 790, 622 N.E.2d at 290 ("As a practical matter, quantum meruit valuation of services rendered by a discharged attorney can best be determined at the time of discharge, rather than some months or years later when the case finally ends."); Lai Ling Cheng, 73 N.Y.2d at 458, 541 N.Y.S.2d at 745, 539 N.E.2d at 572 (noting that quantum meruit "compensation [is] a fixed dollar amount determined at the time of discharge"); Tillman v. Komar, 259 N.Y. 133, 136, 181 N.E. 75, 76 (1932) ("Since [an attorney] is entitled at the [time of discharge] to enforce his claim by action, he need not ... be compelled to await the outcome of the litigation from which he has been displaced."). We do not think, however, that a court necessarily abuses its discretion by postponing the determination of the fair and reasonable value of an attorney's services either in order to avoid unnecessary delay in the underlying litigation, or if, under the particular circumstances of the case, a more accurate determination can be made later. See Tops Mkts., Inc. v. Quality Mkts., Inc., 2001 WL 392082, at *3, 2001 U.S. Dist. LEXIS 4238, at *10 (W.D.N.Y. Apr.4, 2001) (noting that a court "has discretion to defer the determination of the fair and reasonable value of a discharged attorney's fees under quantum meruit until the conclusion of the litigation"). On the facts before us, we conclude that the district court did not abuse its discretion by waiting to determine the issue of a possible quantum meruit award until the underlying litigation was completed.
 
 
 B. The Amount of Quantum Meruit Fees
 
 
 15
 We conclude, however, that the district court did abuse its discretion by deciding that the clients' lack of a monetary recovery in the underlying litigation precluded Q & S from being awarded compensation for its services in quantum meruit. A fee based on quantum meruit is for the reasonable value of the services rendered before discharge, which, as noted, is typically determined immediately after discharge. See Cohen, 81 N.Y.2d at 658, 602 N.Y.S.2d at 790, 622 N.E.2d at 290 ("As against the client, a discharged attorney may recover the `fair and reasonable value' of the services rendered, determined at the time of discharge and computed on the basis of quantum meruit." (citation omitted)); Schneider, 302 A.D.2d at 188, 754 N.Y.S.2d at 224 (noting that the right to quantum meruit fees for an attorney discharged without cause "accrues immediately upon ... discharge"). It follows that a discharged attorney's recovery in quantum meruit for a fee is not limited by the former client's ultimate recovery, which might be determined after — sometimes long after — the time of discharge. See Lai Ling Cheng, 73 N.Y.2d at 459, 541 N.Y.S.2d at 745, 539 N.E.2d at 573; Tillman, 259 N.Y. at 135, 181 N.E. at 76; Butler, 235 A.D.2d at 219, 651 N.Y.S.2d at 527. New York courts' preference for thus determining quantum meruit attorney's fees upon discharge is inconsistent with making such fees contingent upon a monetary recovery. Lai Ling Cheng, 73 N.Y.2d at 459, 541 N.Y.S.2d at 745, 539 N.E.2d at 573. And it follows that a court ought not to consider the former client's actual recovery in determining quantum meruit fees.[6] Id. Nevertheless, under New York law, in determining such amount, a court may consider, inter alia, (1) the contingent nature of the representation, Tops Mkts., 2001 WL 392082, at *2, 2001 U.S. Dist. LEXIS 4238, at *9-*10; Lai Ling Cheng, 73 N.Y.2d at 459, 541 N.Y.S.2d at 745, 539 N.E.2d at 573; Smith, 192 A.D.2d at 950-51, 596 N.Y.S.2d at 576; Corsi, 44 A.D.2d at 906, 357 N.Y.S.2d at 747, (2) the results achieved by the attorney before discharge, Tops Mkts., 2001 WL 392082, at *2, 2001 U.S. Dist. LEXIS 4238, at *9-*10; Schneider, 302 A.D.2d at 189, 754 N.Y.S.2d at 224; Smith, 192 A.D.2d at 950-51, 596 N.Y.S.2d at 576, and (3) the client's actual chance of success at the time the attorney was discharged, see Corsi, 44 A.D.2d at 906, 357 N.Y.S.2d at 747 (holding that a court should consider the "likelihood of [the client's] recovery" in determining a quantum meruit fee). The client's chance of success at the time of discharge is thus not irrelevant to the amount of a quantum meruit award.[7]
 
 
 16
 The district court warned, perceptively, that allowing a discharged attorney to recover quantum meruit fees despite the client's ultimate failure to obtain a monetary recovery may constrain the client's ability to terminate the representation. Universal Acupuncture, 232 F.Supp.2d at 134. But we are bound by the New York Court of Appeals's interpretation of New York law. And the Court of Appeals has instructed that
 
 
 17
 [p]ermitting an attorney improperly discharged to recover the reasonable value of services rendered in quantum meruit, a principle inherently designed to prevent unjust enrichment, strikes the delicate balance between the need to deter clients from taking undue advantage of attorneys, on the one hand, and the public policy favoring the right of a client to terminate the attorney-client relationship without inhibition on the other.
 
 
 18
 Demov, Morris, Levin & Shein v. Glantz, 53 N.Y.2d 553, 558, 444 N.Y.S.2d 55, 58, 428 N.E.2d 387, 390 (1981) (citation omitted). Applying that instruction to the case at bar, we conclude that if Q & S was not discharged for cause, it is entitled to an appropriate award of attorney's fees in quantum meruit.
 
 CONCLUSION
 
 19
 We reverse the judgment of the district court and remand for determination of whether Q & S was discharged for cause and, if not, an award of attorney's fees in quantum meruit, calculated in conformance with the foregoing principles.
 
 
 
 Notes:
 
 
 *
 Of the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 The retainer agreement provides in relevant part:
 a) In the event of a recovery or settlement of any and all claims, the legal fee shall equal twenty (20%) percent of the sum recovered.... The Attorneys are authorized to retain such fee out of any proceeds or monies that may be recovered by the Attorneys in connection with the claim.
 b) In the event that there is no recovery on the claim, there shall be no legal fee for this matter.
 Retainer Agreement Between Q & S and Universal (May 1, 2001).
 
 
 [2]
 Although Q & S and Nandi did not enter into any formal agreement, Q & S agreed also to represent Nandi on the claims against him. Dongxing Sun actedpro se in defending against the claims. Universal Acupuncture, 232 F.Supp.2d at 129.
 
 
 [3]
 "The `retaining lien' gives an attorney the right to keep, with certain exceptions, all of the papers, documents and other personal property of the client which have come into the lawyer's possession in his or her professional capacity as long as those items are related to the subject representation."Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York, 302 A.D.2d 183, 186, 754 N.Y.S.2d 220, 223 (1st Dep't 2002).
 
 
 [4]
 The parties agree that New York law governs this dispute
 
 
 [5]
 We are bound, as was the district court, to apply the law as interpreted by New York's intermediate appellate courts... unless we find persuasive evidence that the New York Court of Appeals, which has not ruled on this issue, would reach a different conclusionSee Grand Light & Supply Co. v. Honeywell, Inc., 771 F.2d 672, 678 (2d Cir.1985) (citing Entron, Inc. v. Affiliated FM Ins. Co., 749 F.2d 127, 132 (2d Cir.1984)); accord Deeper Life Christian Fellowship, Inc. v. Sobol, 948 F.2d 79, 84 (2d Cir.1991) (citing West v. American Telephone & Telegraph Co., 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940)).
 Pahuta v. Massey-Ferguson, Inc., 170 F.3d 125, 134 (2d Cir.1999).
 
 
 [6]
 Moreover, requiring client recovery as a predicate for aquantum meruit fee would transform that right to fees into a charging lien, which gives an attorney a lien on "a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come." N.Y. Judiciary Law § 475 (McKinney's 2004); accord Schneider, 302 A.D.2d at 186-87, 754 N.Y.S.2d at 223. Under New York law, these remedies are distinct: An attorney discharged without cause may be compensated in quantum meruit and also receive a charging lien. Butler, 235 A.D.2d at 219, 651 N.Y.S.2d at 527 (holding that although payment on a charging lien is contingent upon recovery, the operation of a charging lien does not preclude the right also to elect payment in quantum meruit). But see Corsi v. Ott, 44 A.D.2d 906, 906, 357 N.Y.S.2d 746, 747 (4th Dep't 1974) (mem.) (ordering that a quantum meruit fee "should be made as a charging lien upon any recovery had in the action").
 
 
 [7]
 If a client who retained an attorney under a contingent-fee agreement discharges that attorney because there is no chance of recovery for the client, the discharge may be for cause, and the attorney may not be entitled to fees inquantum meruit. See Tops Markets, 2001 WL 392082, at *2, 2001 U.S. Dist. LEXIS 4238, at *8; see also Crowley v. Wolf, 281 N.Y. 59, 65, 22 N.E.2d 234, 237 (1939) (noting that a client's good-faith decision to discontinue litigation when recovery appears impossible does not entitle a discharged attorney to any quantum meruit fees).