Gabriel D'JAMOOS, Plaintiff–Counter–Defendant–Appellant,

v.

Michael GRIFFITH, Defendant–Counter–Claimant–Appellee.

No. 08–3668–cv.

United States Court of Appeals, Second Circuit.

Aug. 12, 2009.

738

Todd J. Krouner (Stacey M. Rancourt, on the brief), Chappaqua, NY, for Appellant.

Ann Marie Forte (Scott C. Tuttle, on the brief), McManus, Collura & Richter, P.C., New York, NY, for Appellee.

PRESENT: REENA RAGGI, PETER W. HALL, Circuit Judges, JOSEPH F. BIANCO, District Judge.*

## SUMMARY ORDER

Plaintiff Gabriel D'Jamoos appeals from orders of the district court (1) granting summary judgment to defendant Michael Griffith on claims arising out of Griffith's alleged legal malpractice; (2) granting summary judgment to Griffith on his counterclaim for payment of attorney's fees; and (3) awarding Griffith damages in the amount of $60,698.75, plus prejudgment interest running from December 1, 1999. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Legal Malpractice and Related Claims*

"We review a district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *SCR Joint Venture L.P. v. Warshawsky,* 559 F.3d 133, 137 (2d Cir.2009) (internal quotation marks omitted). We will affirm a summary judgment award only where such review reveals "no genuine issue as to any material fact" and the movant's "enti-tle[ment] to judgment as a matter of law." Fed.R.Civ.P. 56(c).

To prove legal malpractice under New York law, a plaintiff must demonstrate that his "attorney was negligent, that the negligence was a proximate cause of the

injury and that [he] suffered actual and ascertainable damages." *Rubens v. Mason,* 387 F.3d 183, 189 (2d Cir.2004). "An attorney is negligent if . . . he failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession." *Id.* (internal quotation marks omitted). To establish proximate cause and damages, "a plaintiff must show that but for the defendant's negligence, . . . he would have prevailed in the underlying action or would not have sustained any damages." *Allianz Ins. Co. v. Lerner,* 416 F.3d 109, 118 (2d Cir.2005) (internal quotation marks omitted).

■ Plaintiff contends that the district court could not determine, as a matter of law, that the alleged deficiencies in Griffith's representation failed to manifest malpractice because plaintiff submitted an expert affidavit from a retired New York Court of Appeals Judge opining to the contrary. We have recognized that summary judgment may be inappropriate where competing expert affidavits are submitted as to whether an attorney's "alleged failures were negligent or merely reasonable tactical decisions." *Rubens v. Mason,* 387 F.3d at 190. We have not held, however, that such conflicts may *never* be resolved on summary judgment.

Although Griffith's representation of D'Jamoos raises concerns, we agree with the district court that plaintiff has failed to put forth evidence that would permit a rational fact-finder to conclude that Griffith's conduct proximately caused damages to plaintiff.[1] First, plaintiff identifies no

---

\* District Judge Joseph F. Bianco of the United States District Court for the Eastern District of New York, sitting by designation.

1. Although plaintiff asserts that this question cannot be reached here because the parties stipulated that expert discovery on damages would be deferred until after summary judg-

ment motions were adjudicated, *see* Appellant's Reply Br. at 13, such an assertion indicates only that the parties had agreed that damages were not to be precisely quantified prior to summary judgment, not that the question of whether Griffith's alleged negli-

specific damage caused by Griffith's alleged failures timely to institute the Lucchese action or to secure additional trial witnesses, or from Griffith's retention of Lucchese's lawyer, Mr. DeVito, in an unrelated action. Second, with respect to Griffith's failure to plead in the Lucchese action that plaintiff's $175,000 investment in Belmont was a loan, although plaintiff and his expert contend that Griffith's oral motion to amend the pleadings "did not reflect the deliberation of a skillful litigator," Appellant's Br. at 18, plaintiff does not offer evidence indicating that (a) Griffith's motion did not effectively preserve plaintiff's rights or, more important, that (b) earlier action would have led to a judgment in excess of (or more readily enforceable than) the settlement ultimately reached. Third, the record is clear that enforcement of the 1997 settlement was impeded not by any negligence on Griffith's part, but by complications arising out of the contentious Lucchese divorce action. *See D'Jamoos v. Lucchese,* Index No. 120/92, order at 2–3 (N.Y. Sup.Ct. June 16, 2000) (describing these issues). Fourth, as the district court noted, plaintiff submitted no competent evidence in opposition to defendant's summary judgment motion demonstrating that the 1998 settlement would have resulted in adverse tax obligations for him,[2] nor, in light of record evidence indicating plaintiff's knowledge of the terms of the 1998 settlement, his familiarity with the state of Belmont's affairs and holdings, and his expertise in financial matters, could plaintiff demonstrate that any failure by Griffith to assess the tax consequences of the 1998 settlement proximately caused

him harm. *See Merz v. Seaman,* 265 A.D.2d 385, 389, 697 N.Y.S.2d 290, 293–94 (2d Dep't 1999).

Finally, we identify no error in the district court's grant of summary judgment to Griffith on plaintiff's Judiciary Law § 487, breach of fiduciary duty, and fraud claims, and plaintiff cites no authority on appeal supporting a contrary result. *See, e.g., Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.,* 10 A.D.3d 267, 271, 780 N.Y.S.2d 593, 596 (1st Dep't 2004) ("[W]e have consistently held that [a breach of fiduciary duty] claim, premised on the same facts and seeking the identical relief sought in the legal malpractice cause of action, is redundant and should be dismissed.").

### 2. *Counterclaim for Legal Fees*

### a. *Summary Judgment*

We review *de novo* the summary judgment ruling with respect to Griffith's counterclaim for attorney's fees. *See SCR Joint Venture L.P. v. Warshawsky,* 559 F.3d at 137. "Under New York law, an attorney may be dismissed by a client at any time with or without cause." *Garcia v. Teitler,* 443 F.3d 202, 211 (2d Cir.2006). "If the discharge is for cause, the attorney is not entitled to fees." *Id.* "If, however, the discharge is without cause, the attorney may recover the value of services rendered in *quantum meruit," id.* at 211–12, "even where the attorney discharged without fault was employed under a contingent fee contract," *Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.,* 370 F.3d 259, 263 (2d Cir.2004) (inter-

gence proximately caused damage to plaintiff could not be considered by the district court.

**2.** That plaintiff subsequently submitted an expert report on this point (the "Olson Report") in connection with the magistrate judge's damages inquest on Griffith's counterclaim

does not alter this result. Because the Olson Report was not a part of the record on summary judgment, D'Jamoos contention that Judge Glasser erred in "fail[ing] to consider" that report is plainly without merit. Appellant's Br. at 45.

nal quotation marks omitted). "Poor client relations, differences of opinion, or personality conflicts do not amount to cause, which is shown by impropriety or misconduct on the part of the attorney." *Garcia v. Teitler,* 443 F.3d at 212.

■ We identify no error in the district court's conclusion that Griffith was not terminated as a result of such "impropriety or misconduct." *Id.* D'Jamoos's December 1, 1999 letter releasing Griffith notes plaintiff's "profound dissatisfaction with the [1998 settlement] and the quality of the representation that [he] received." At his deposition, D'Jamoos noted as causes for the termination, *inter alia,* Griffith's failure to enforce the 1997 settlement, his dissatisfaction with the 1998 settlement, and various trial-related omissions. To the extent these complaints "consist solely of dissatisfaction with reasonable strategic choices regarding litigation," under New York law, "[s]uch choices do not, as a matter of law, constitute cause for the discharge of an attorney." *Callaghan v. Callaghan,* 48 A.D.3d 500, 501, 852 N.Y.S.2d 273 (2d Dep't 2008). Moreover, as the district court rightly emphasized, on March 27, 1998, D'Jamoos expressed, under oath, his agreement with the 1998 settlement. That he subsequently became dissatisfied with that settlement does not constitute "cause" for Griffith's termination warranting D'Jamoos's withholding compensation for counsel's services. To the extent plaintiff also cites certain litigation and enforcement delays that might support termination for cause, plaintiff has failed to offer evidence indicating that such delays were caused by Griffith. Finally, while we have noted that, "[i]f a client who retained an attorney under a contingent-fee agreement discharges that attorney because there is no chance of recovery for the client, the discharge may be for cause, and the attorney may not be entitled to

fees in *quantum meruit*," *Universal Acupuncture Pain Services, P.C. v. Quadrino & Schwartz, P.C.,* 370 F.3d at 265 n. 7, we agree with the district court that the record does not demonstrate this to be such a case.

### b. *Calculation of Damages and Prejudgment Interest*

Where a district court is called upon to ascertain the reasonable value of legal services on a *quantum meruit* claim, we review the court's conclusion for abuse of discretion. *See Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 148–49 (2d Cir.1998). "The award of [prejudgment] interest is generally within the discretion of the district court and will not be overturned on appeal absent an abuse of that discretion," except where, as here, such interest is awarded "as a matter of right" under New York law. *New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.,* 352 F.3d 599, 603 (2d Cir.2003). We review the district court determination of the date from which prejudgment interest accrues for abuse of discretion. *See United States Fid. & Guar. Co. v. Braspetro Oil Servs. Co.,* 369 F.3d 34, 81 (2d Cir.2004).

■ Plaintiff contends on appeal that Griffith's failure to maintain contemporaneous time records bars his claim for fees as a matter of law. New York courts have, in fact, rejected such a rule. *See Riordan v. Nationwide Mut. Fire Ins. Co.,* 977 F.2d 47, 53 (2d Cir.1992) ("New York courts have specifically rejected the hard and fast rule that reconstructed time records can never serve as a basis for compensation in favor of wider trial court discretion in evaluating fee petitions." (internal quotation marks omitted)). Moreover, application of such a rule would be nonsensical where, as here, an attorney seeks to be compensated on a *quantum meruit* basis for services rendered under a

contingent-fee agreement, the performance of which would not have required contemporaneous time records. We therefore reject this argument.

Moreover, we identify no error in the district court's damages calculation. The magistrate judge held three days of hearings, during which all of the relevant parties testified, and filed a detailed report and recommendation as to the appropriate fee in light of the factors we identified in *Sequa Corp. v. GBJ Corp.*, 156 F.3d at 148–49. Upon *de novo* review, the district court adopted that recommendation in part, but reduced the fee calculated by the magistrate judge (by 15% in each of the twelve years for which Griffith seeks reimbursement) to account for the uncertainty arising from Griffith's lack of documentation. We identify no abuse of discretion in these determinations. Moreover, the district court's decision to award prejudgment interest at New York's statutory rate from the date on which Griffith was discharged was also appropriate. *See* N.Y. C.P.L.R. § 5001(b) ("Interest shall be computed from the earliest ascertainable date the cause of action existed."); *Universal Acupuncture Pain Services, P.C. v. Quadrino & Schwartz, P.C.*, 370 F.3d at 263 ("Under New York law, a lawyer's right to recover in *quantum meruit* accrues immediately upon discharge."); *Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York*, 302 A.D.2d 183, 188, 754 N.Y.S.2d 220 (1st Dep't 2002) (same); *see also* N.Y. C.P.L.R. § 5004 ("Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute.").

3. *Conclusion*

We have considered plaintiff's additional arguments and find them to be without

merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.