10-4865-cv
Weg and Myers, P.C. v. 126 Mulberry St. Realty Corp.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand eleven.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          SUSAN L. CARNEY,
                    *Circuit Judges*.

-------------------------------------------------------------------------

WEG AND MYERS, P.C.,
                    *Interested-Party-Appellant*,

          v.                                             No. 10-4865-cv

126 MULBERRY ST. REALTY CORP., aka 126 Mulberry
Street Realty Corp.,
                    *Plaintiff-Counter-Defendant-Appellee*,

DIAMOND STATE INSURANCE COMPANY,
                    *Defendant-Counter-Claimant-Third-Party-
                    Plaintiff*,

A PLUS COVERAGE INC., BENEFIT COVERAGE, INC.,
                    *Third-Party Defendants*.

-------------------------------------------------------------------------

1

APPEARING FOR APPELLANT:    JOSHUA L. MALLIN, Weg and Myers, P.C., New York, New York.

APPEARING FOR APPELLEE:    ROBERT M. SULLIVAN, The Sullivan Law Group, LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*; Frank Maas, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on November 2, 2010, is AFFIRMED.

Weg and Myers, P.C. ("Weg") appeals from an attorney's fee award of $38,783.75 for its representation of plaintiff 126 Mulberry Street Realty Corp. ("126 Mulberry") prior to Weg's withdrawal from the litigation on June 27, 2008. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Weg concedes that, although it represented 126 Mulberry on a contingency fee basis, under New York law, it is entitled to compensation only in quantum meruit for the "fair and reasonable value of the services rendered." See Cohen v. Grainger, Tesoriero & Bell, 81 N.Y.2d 655, 658, 602 N.Y.S.2d 788, 790 (1993) (internal quotation marks omitted). Nevertheless, in the district court, Weg submitted that the fair value of its services was $165,000, an amount derived by applying the 27.5% provided in its contingency agreement to the $600,000 final settlement that 126 Mulberry recovered 15 months after Weg's withdrawal. In the alternative, Weg sought $70,728, an amount apparently derived by multiplying its reconstructed hours by its attorneys' hourly rates. Because the trial court "is

2

obviously in a far superior position to judge those factors integral to the fixing of counsel fees," Shrauger v. Shrauger, 146 A.D.2d 955, 956, 537 N.Y.S.2d 84, 85 (3d Dep't 1989), an appellate court generally defers to the trial court's discretion in determining the "reasonable value of the attorney's services," Sequa Corp. v. GBJ Corp., 156 F.3d 136, 149 (2d Cir. 1998) (citing Chernofsky & DeNoyelles v. Waldman, 212 A.D.2d 566, 566, 622 N.Y.S.2d 560, 561 (2d Dep't 1995)). When we judge the challenged award under this standard, we cannot identify abuse of discretion.

Weg contends that the district court erred by relying on a "lodestar" calculation to value its services without considering (1) the contingent nature of Weg's fee arrangement with 126 Mulberry, (2) the extent of Weg's services and the difficulty of the issues, and (3) the amount at issue.

The second two points merit little discussion. The lodestar method necessarily considers the extent of Weg's services, and the district court specifically stated that, in assessing a reasonable hourly rate, it considered "the claims involved in this suit" and "the size of [126] Mulberry's potential recovery." See Sequa Corp. v. GBJ Corp., 156 F.3d at 148–49 (affirming district court's application of lodestar method and concluding that lodestar method is "sufficiently congruent" with criteria applicable under New York law including, inter alia, "the difficulty of the matter," "the nature and extent of the services rendered," and "the amount at issue").

With regard to the original contingency fee agreement, Weg points to Universal Acupuncture Pain Services, P.C. v. Quadrino & Schwartz, P.C., 370 F.3d 259 (2d Cir. 2004),

3

which states that, in a <u>quantum meruit</u> calculation, "a court may consider, <u>inter alia</u>, (1) the contingent nature of the representation, (2) the results achieved by the attorney before discharge, and (3) the client's actual chance of success at the time the attorney was discharged." <u>Id.</u> at 265 (citations omitted). Weg urges that the court erred by failing to consider these factors in its analysis. We are not persuaded.

Though <u>Universal Acupuncture</u> held that a court may consider these factors, Weg does not point us to, nor do we identify, any New York law that requires a court to give them weight in every case. Any such requirement would violate the principle that "[n]o hard-and-fast rule exists by which it can be determined what is reasonable compensation for an attorney in any given case." <u>Matter of Jakobson</u>, 304 A.D.2d 579, 579, 757 N.Y.S.2d 466, 466 (2d Dep't 2003).

Thus, we do not infer, simply from the fact that the district court failed to reference the original contingency fee arrangement, that the district court was unaware of its discretion to consider the contingent nature of the representation in its <u>quantum meruit</u> calculation. Rather, we understand the court's "sole issue" comment to signal that it reached the permissible conclusion that, in this case, no adjustment to a lodestar award for the original contingency fee arrangement was necessary to achieve <u>quantum meruit</u>. <u>See</u> <u>Shrauger v. Shrauger</u>, 146 A.D.2d at 956, 537 N.Y.S.2d at 85 (stating that "trial court is not required to precisely spell out how it weighed the various factors making up the fee allowed").[1]

---

[1] We note that, with the fees awarded Weg in this case, 126 Mulberry's fee obligations to all attorneys who represented it in the underlying case total approximately $150,000, or

4

Because Weg has not shown the district court's award to be infected by an error of law, we identify no abuse of discretion. The order awarding fees is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

25% of the recovered settlement. The parties' disagreement as to the relative contributions of various attorneys to procurement of the settlement is a question of fact on which we defer to the district court.