Alexis M. HERMAN, Secretary of Labor, United States Department of Labor, Plaintiff–Appellant,

v.

DAVIS ACOUSTICAL CORPORATION; Davis Specialties Corporation; Burton Fisher; and Tyler Construction Corporation, Defendants–Appellees,

Henry Ashline, Defendant.

Docket No. 99–6006.

United States Court of Appeals, Second Circuit.

Argued: Aug. 26, 1999.

Decided: Nov. 4, 1999.

William J. Stone, Senior Attorney, United States Department of Labor, Washington, DC (Henry L. Solano, Solicitor of Labor, Steven J. Mandel, Associate Solicitor, of counsel), for Plaintiff–Appellant.

Kyran Nigro, Cade & Saunders, P.C., Albany, N.Y. (Robert A. Murphy, Jr., of counsel), for Defendants–Appellees.

Before: WINTER, Chief Judge, and KEARSE and STRAUB, Circuit Judges.

STRAUB, Circuit Judge.

The Secretary of Labor appeals from a judgment entered in the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*) ordering defendants Davis Acoustical Corporation, Davis Specialties Corporation, Tyler Construction Company, and Burton Fisher to pay back wages, prejudgment interest, and costs exclusive of attorney's fees as a result of their contempt of a consent judgment and order issued pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The Secretary contends that the District Court erred in concluding that the FLSA restricted its equitable power to award her attorney's fees for her successful prosecution of this contempt motion. For the reasons that follow, we agree, and we therefore reverse the District Court's ruling on attorney's fees and remand.

## BACKGROUND

In January 1979, the Secretary initiated this action for injunctive relief pursuant to 29 U.S.C. § 217, alleging that defendants Davis Acoustical Corporation, Davis Specialties Corporation, Burton Fisher, and Henry Ashline had violated the FLSA in operating their nationwide construction business. Later that year, the District Court (James T. Foley, *Judge*) entered a consent judgment and order, enjoining the defendants and their officers, agents, servants, and employees and those in active concert with them who received notice of the order from violating the FLSA's overtime and record-keeping requirements.

In 1989, the Secretary moved for an adjudication of civil contempt. The Secretary alleged that the original defendants and defendant Tyler Construction Corporation[1] had failed to pay overtime wages to employees working for their companies and failed to keep required employment records in violation of the court's injunction and the FLSA. In May 1989, the District Court found the defendants jointly and severally in contempt and ordered that a final hearing would be held to determine the amount of compensatory fines to be assessed, including whether the Secretary was entitled to costs for the investigation, institution, and maintenance of the contempt proceeding.

In 1995, the District Court (Frederick J. Scullin, Jr., *Judge*) referred the case for a hearing before a special master to resolve the remaining matters related to the contempt motion. The Special Master (Richard J. Bartlett, Esq.) conducted a thirty-day hearing at which thirty-seven witnesses testified. While the matter was before the Special Master, the Secretary discontinued the action against defendant Ashline, apparently because Ashline had not received notice of the proceeding. In a report of findings of fact and recommended conclusions of law dated November 25, 1997, the Special Master concluded that from 1985 through 1989 the defendants regularly violated the 1979 order by failing to pay overtime wages to their employees for hours worked over forty in a workweek. He also found that the defendants had attempted to hide their practice

---

1. Although defendant Tyler Construction Corporation was not named in the 1979 order, the order specifically enjoined its president Burton Fisher.

of underpayment through numerous artifices and that the defendants' noncompliance with the court's prior order was willful. As a result of these findings, the Special Master recommended that the District Court award back wages and prejudgment interest to 956 workers. He further recommended that the District Court award the Secretary her costs associated with investigating and prosecuting the contempt motion, exclusive of attorney's fees. The Special Master noted that he had found no authority for awarding attorney's fees to the Secretary in an FLSA contempt proceeding.

Although both parties filed objections to the Special Master's report, the District Court adopted the Special Master's proposed findings and conclusions in their entirety by opinion dated September 9, 1998. *See Herman v. Davis Acoustical Corp.,* 21 F.Supp.2d 130, 133–37 (N.D.N.Y.1998). In doing so, the District Court specifically rejected the Secretary's request for attorney's fees because it found a "lack of a statutory basis or clear precedent" to support such an award. *Id.* On October 29, 1998, the District Court entered judgment, requiring the defendants to pay a compensatory fine in the total amount of $2,832,-466.10 to cover back wages, prejudgment interest, and costs exclusive of attorney's fees.

This timely appeal of the District Court's ruling on attorney's fees ensued.

## DISCUSSION

 The Secretary contends that the District Court should have awarded her attorney's fees for her successful prosecution of the contempt motion. We review a district court's decision as to whether to award attorney's fees for abuse of discretion, *see King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1063 (2d Cir.1995); *ARP Films, Inc. v. Marvel Entertainment Group, Inc.,* 952 F.2d 643, 651 (2d Cir.1991), bearing in mind that "[e]ither an error of law or a clear error of fact may constitute an abuse

of discretion," *Charette v. Town of Oyster Bay,* 159 F.3d 749, 755 (2d Cir.1998).

At the outset, the parties disagree as to the ground on which the District Court denied the Secretary's request for attorney's fees. The Secretary contends that the District Court rejected her request after concluding that the FLSA restricted its equitable power to award attorney's fees for the prosecution of this motion. By contrast, the defendants argue that the District Court did not decide that the FLSA precluded it from awarding attorney's fees, but instead denied the fee application as an exercise of its equitable discretion.

An examination of the District Court's opinion adopting the Special Master's recommendations resolves this issue easily. The District Court there observed:

The FLSA provides no statutory mechanism for the recovery of attorney's fees in an action brought pursuant to 29 U.S.C. § 217. Further, by explicitly providing for the recovery of attorney's fees in [an] action brought by individual employees under 29 U.S.C. § 216, Congress has demonstrated that it probably did not intend for the recovery of fees by the Secretary in § 217 actions. In her objections, the Plaintiff cites several cases where district courts have granted attorney's fees to the government in such actions. *See, e.g., Reich v. Shiloh True Light Church of Christ,* 895 F.Supp. 799, 819–20 (W.D.N.C.1995). However, the cases cited by the Secretary identify no authority nor provide any analysis for their award of attorney's fees. Furthermore, the vast majority of cases do not mention attorney's fees when granting relief under § 217 of the FLSA. In light of the lack of a statutory basis or clear precedent, the Court finds that the special master did not err by refusing to grant the Plaintiff attorney's fees.

*Herman,* 21 F.Supp.2d at 137. The District Court thus clearly made its ruling based on its conclusion that the FLSA

precluded it from awarding attorney's fees for the prosecution of this motion. We must therefore decide whether this legal conclusion is correct.

We conclude that it is not. Despite the American rule against awarding attorney's fees, the Supreme Court has recognized that

a court may assess attorneys' fees for the "willful disobedience of a court order . . . as part of the fine to be levied on the defendant[ ]"; or when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." These exceptions are unquestionably assertions of inherent power in the courts to allow attorneys' fees in particular situations, unless forbidden by Congress . . . .

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (citations omitted); *see also New York State Nat'l Org. for Women v. Terry,* 159 F.3d 86, 96 (2d Cir. 1998) (affirming an award of attorney's fees for the prosecution of contempt motions), *cert. denied,* —— U.S. ——, 119 S.Ct. 2336, 144 L.Ed.2d 234 (1999); *Weitzman v. Stein,* 98 F.3d 717, 719 (2d Cir. 1996) (noting that a "district court . . . may award appropriate attorney fees and costs to a victim of contempt"). The District Court therefore had the authority to award attorney's fees for the defendants' willful violation of its order unless such an award was forbidden by Congress.

We find no such prohibition in the FLSA. The only aspect of the FLSA that has been brought to our attention in this regard is the fact that 29 U.S.C. § 216(b) explicitly permits a district court to award attorney's fees in an action brought by an individual employee, while 29 U.S.C. § 217 does not specifically address whether attorney's fees may be recovered in an equitable action brought by the Secretary. The District Court concluded that, in light of § 216(b), § 217's silence with respect to attorney's fees should be read to bar the recovery of such fees. We need not pass

on the merits of this position because even if we were to agree with it, it would say nothing about whether the Secretary may recover attorney's fees for prosecuting a *contempt* motion seeking enforcement of an FLSA injunction; instead, it would merely suggest that Congress did not intend for the Secretary to recover whatever attorney's fees her office incurred in procuring the underlying FLSA injunction, an issue not before us. *Cf. W.E. Bassett Co. v. Revlon, Inc.,* 435 F.2d 656, 665 n. 5 (2d Cir.1970) (awarding attorney's fees for expenses incurred in prosecuting contempt even though the underlying trademark statute did not permit an award of fees). Accordingly, in the absence of any FLSA prohibition on the recovery of attorney's fees for the willful violation of a court order, the District Court had the inherent power to award the Secretary the attorney's fees she incurred in prosecuting the defendants' contempt. We therefore conclude that the District Court erred in its legal ruling on this issue.

■ The Secretary urges us to go one step further and hold that, on the facts of this case, the District Court should have awarded her attorney's fees. In support of her position, the Secretary points to the District Court's finding that the defendants willfully violated the consent judgment. She also notes that we have held that

while willfulness may not necessarily be a prerequisite to an award of [attorney's] fees and costs, a finding of willfulness strongly supports granting them. Indeed, to survive review in this court, a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt.

*Weitzman,* 98 F.3d at 719 (footnote omitted). Although this argument has some force, it is one best considered by the District Court in the first instance. Accordingly, we remand to the District Court so that it may determine whether attor-

ney's fees should be awarded and, if so, in what amount.

## CONCLUSION

The judgment of the District Court is reversed, and the case is remanded for further proceedings consistent with this opinion.