Casilda E. ROPER–SIMPSON,
Interested–Party–
Appellant,

v.

Barry C. SCHECK, Johnnie L. Cochran and Sanford Rubenstein, Appellees,

Abner Louima and Micheline Louima, Plaintiffs,

City of New York, New York Police Dept, Patrolmen's Benevolent Association of the City of New York, individually and in their official capacity as New York City Police Officers, Justin Volpe, Charles Schwarz, Michael Bellomo, Jeffrey Fallon, Francisco Rosario, Rolando Aleman, William F. Walsh, Jeremiah Quinlan, individually, in his official capacity as a New York City Police Officer, and as a PBA Delegate, Louis Matarazzo, individually and in their official capacity, William Pagan, Frank Birnbaum, individually, and in their official capacity as New York City Police Officers, and in their official capacity as agents of the PBA, Michael Immitt, Marcella Makebish, Patrick O'Sullivan, individually and in their official capacity, John Does, police officers and non-uniformed employees of the New York Police Department, the identity and number of whom is presently unknown; individually and in their official capacity as New York City Police Officers, Richard Roes, supervisory police officers of the City of New York, the identity and number of whom is presently unknown; and individually and in their official capacity as police officers and/or agents for the PBA, William Woes, agent for the PBA, the identity and number of whom is presently unknown, and Timothy Lee, in their official capacities as President of the PBA, Defendants–Cross–Defendants,

Peter Blaich, individually, in his official capacity as a New York City Officer and as a PBD Delegate, Joseph O'Brien, individually, in their official capacity as New York City Police Officers, and as PBA Delegates, Jeremiah Daly, individually, in their official capacities as New York City Officers, and as PBA Delegates, Patrick Lynch, individually, and in their official capacity as agents of the PBA, Anthony Abbate, individually and in their official capacity as employees of the Emergency Medical Service for the City of New York, Thomas Weise, in his official capacity as President of the PBA and Thomas Bruder, Defendants–Cross–Claimants–Cross–Defendants.

No. 04–5533–CV.

United States Court of Appeals,
Second Circuit.

Jan. 20, 2006.

K.C. Okoli, New York, New York, for Interested–Party–Appellant.

Bradley D. Simon, Simon & Partners LLP, New York, New York, for Appellees the Estate Carl W. Thomas and Thomas & Figeroux.

Michael Ross, Law Offices of Michael S. Ross, New York, New York, for Appellees Barry C. Scheck, Johnnie L. Cochran, Peter Neufeld and Sanford Rubenstein.

PRESENT: Hon. DENNIS JACOBS, Hon. PIERRE N. LEVAL, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Order of the district court be **AFFIRMED.**

Casilda E. Roper–Simpson ("Roper–Simpson") appeals from the September 28, 2004 Memorandum and Order of the United States District Court for the Eastern District of New York (Johnson, *J.*) finally determining the fee disputes among lawyers who provided legal services to Abner Louima: Roper–Simpson; Brian Figeroux and Carl W. Thomas ("Thomas & Figeroux"); Johnnie L. Cochran, Peter Neufeld, and Barry C. Scheck ("CN&S"); and Sanford Rubenstein ("Rubentstein"). Familiarity is assumed as to the facts, the procedural context, and the issues specified for appellate review.

As to the parties' standing challenges: all of the parties stand to lose or gain financially from the division of fees. Roper–Simpson, and CN&S and Rubenstein therefore have standing to bring the fee dispute and to press this appeal.

Turning to the merits of Roper–Simpson's appeal, "[w]e review a district court's decision as to whether to award attorney's fees for abuse of discretion." *Herman v. Davis Acoustical Corp.*, 196 F.3d 354, 356 (2d Cir.1999); *see also Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.*, 370 F.3d 259, 262 (2d Cir.2004). Magistrate Judge Pollak heard days of testimony regarding the work performed by Roper–Simpson and Thomas & Figeroux. The different metrics upon which this work could be valued were carefully considered. We find no abuse of discretion in the district court's estimate of hours of work performed by the attorneys or in the calculation of fees based on the lodestar method.

We likewise find no abuse of discretion in the district court's denial of an equal division of fees as between Roper–Simpson and Thomas & Figeroux, notwithstanding a fee-sharing agreement between the two parties. Magistrate Judge Pollak found that the precise terms of the agreement are unclear. Moreover, the agreement itself is unenforceable under New York law because it was made without informing the client. *See Naiman v. N.Y. Univ. Hosps. Ctr.*, 351 F.Supp.2d 257, 263 (S.D.N.Y. 2005); Code Prof. Resp. D.R. 2–106(D), N.Y. Comp.Codes R. & Regs. tit. 22, § 1200.11(d). The district court did not abuse its discretion in declining to follow the agreement and instead awarding fees in *quantum meruit* based on work actually performed.

For the reasons set forth above, the Order of the district court is **AFFIRMED.**