11-1055-cv
Mister Softee of Brooklyn, Inc. v. Boula Vending Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of June, two thousand twelve.

Present:     BARRINGTON D. PARKER,
             PETER W. HALL,
             J. CLIFFORD WALLACE,[*]
                  *Circuit Judges.*

———————————————————————

MISTER SOFTEE OF BROOKLYN, INC., MISTER SOFTEE, INC.,

          *Plaintiffs-Appellants*,

          v.                                         11-1055-cv

BOULA VENDING INC. t/a Mister Softee, STAVROS SERGIADIS t/a Mister Softee, MEHMET SUMBULTEPE t/a Mister Softee, SINAN SUMBULTEPE,

          *Defendants-Appellees*.

———————————————————————

Appearing for Plaintiffs-Appellants:          Michael Einbinder, Einbinder & Dunn, LLP, New York, NY.

Appearing for Defendants-Appellees:          No appearance.

———————————————

[*] Judge J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, *J*.).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Appellants Mister Softee of Brooklyn Inc. and Mister Softee, Inc. appeal from a judgment of the district court denying, in part, their motion pursuant to 15 U.S.C. § 1117(a) for, *inter alia*, an award of attorneys' fees and private investigator costs arising out of their trademark infringement action against Appellees. We assume familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's decision whether to award attorneys' fees for abuse of discretion. *See Herman v. Davis Acoustical Corp.*, 196 F.3d 354, 356 (2d Cir. 1999). In doing so, our review is "highly deferential," *Matthew Bender & Co., Inc. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001), because the district court "is intimately familiar with the nuances of the case, [and thus] is in a far better position to make [such] decisions," *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 48 (2d Cir. 2000) (quotation marks omitted).

Under the Lanham Act, which governs the request for fees and costs in this case, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). On appeal, Appellants first contend that, because the district court found that Appellees willfully infringed their trademark, they are entitled to attorneys' fees on the basis that a finding of willfulness or bad faith automatically renders

2

a case "exceptional" within the meaning of section 1117(a). Appellants are wrong. While we have said that a finding of willfulness, fraud, or bad faith is a "*prerequisite*" to finding a case "sufficiently 'exceptional' to warrant an award of fees" under section 1117(a), *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 108-09 (2d Cir. 2012), we have never held that a finding of willfulness, fraud, or bad faith *automatically* requires an award of fees under that section. After all, section 1117(a) "provides only that the district court '*may*' award attorneys' fees." *Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, 268 (2d Cir. 2011) (emphasis added); *see also Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*, 80 F.3d 749, 753 (2d Cir. 1996) ("[A]n award of attorney fees *may* be justified when bad faith infringement has been shown") (emphasis added); *Goodheart Clothing Co., Inc. v. Laura Goodman Enter., Inc.*, 962 F.2d 268, 272 (2d Cir. 1992) (stating that when bad faith infringement is shown, a district court is "authorized" to award attorneys' fees and that a district court abuses its discretion if it does not "consider" awarding attorneys' fees in such circumstances). Accordingly, the district court properly rejected Appellants' flawed legal theory as a basis on which to award attorneys' fees under section 1117(a).

Nor, as Appellants also contend, did the district court rest its decision on clearly erroneous factual findings.

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it

3

would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Our review of the record reveals that, while the evidence before the district court could have been weighed differently, the district court's account of the evidence was plausible. *See id.* We cannot conclude, therefore, that the district court's factual findings were clearly erroneous.

Finally, Appellants argue that the district court abused its discretion in denying reimbursement for private investigator costs. The only basis for Appellants' assertion that they are entitled to this reimbursement is that it is recoverable as part of an award of attorneys' fees. Because the district court did not abuse its discretion in declining to award attorneys' fees, Appellants' argument fails.

We have considered Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

4